### BURKA et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6020.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 12, 1950.

Decided Jan. 28, 1950.

Bert B. Rand, Washington, D. C., for petitioners.

Francis W. Sams, Special Assistant to the Attorney General (Theron Lamar Caudle, Assistant Attorney General; Ellis N. Slack, Lee A. Jackson and Virginia H. Adams, Special Assistants to the Attorney General, on brief), for respondent.

Before SOPER and DOBIE, Circuit Judges, and WARLICK, District Judge.

SOPER, Circuit Judge.

The petitioning taxpayers were equal partners in a laundry business in Washington, D. C. during the taxable year 1944. They seek a review of a determination of deficiencies in income tax growing out of a finding that the distributable net income of the partnership for the year should be increased by the sum of $12,508.93.

During the year 1944, the business of the laundry grew rapidly and the books of the firm were not accurate or complete, but were in a state of great confusion. Accordingly, the firm employed a certified public accountant in the fall of the year and turned over to him its available records which included bank books, cancelled checks and sales sheets. The accountant endeavored to reconstruct the income for the first ten months and introduced standard accounting practices for the balance

of the year. In reconstructing the income for the period from January 1 to October 31, he assumed that the gross bank deposits represented sales and the gross bank disbursements represented expenses of the business which he endeavored to allocate to running expenses, drawing or capital items.

The trial balance of October 31, 1944, stated by the accountant, showed "unrecorded expense" of $12,463.93. This amount, plus $45 listed as contributions, makes up the deficiency. The larger bills during the year were paid by check but the smaller bills for supplies, gas, oil and lost laundry were paid in cash by one or another of the partners. Some of these items, but not all of them, were recorded on the reverse side of sales sheets which were prepared by six or seven different employees who were changed from time to time during a rapid turnover. These notations amounted to $6,368.12 during the five months prior to October 31. There were no such notations on the sales slips for the first five months of 1944. To meet this situation the accountant in his endeavor to show the true income of the firm set up an account which he designated "unrecorded expense." He credited this account with the sum of $500 representing checks marked petty cash, but not broken down as to items, $595.81 representing checks marked supplies for rug department not used in 1944, and also the above sum of $6,368.12 making a total of $7,463.93. He also concluded that similar expenses must have been incurred, although not recorded, during the first five months, and he credited the additional sum of $5,000 to unrecorded expenses for this period. Accordingly the trial balance for October 31, 1944 showed the item of $12,463.93 for unrecorded expense; and since the accountant concluded that these expenditures were made from unrecorded cash receipts, it was necessary for him to increase the sales by a corresponding amount on the balance sheet.

When the accountant made his trial balance for December 31, 1944, he decided that he had been wrong in arbitrarily estimating the unrecorded expense as $5,-000 for the first five months since there were no supporting records and accordingly he eliminated the $5,000 item of unrecorded expense and the corresponding $5,000 credit to sales.

The Commissioner accepted the conclusions of the accountant that the income of the partnership should be increased by the sum of $12,463.93 since the evidence indicated that this amount had been expended and must have been derived from the undeposited cash receipts of the business; but the Commissioner rejected the accountant's conclusion that this sum represented deductible expenses of the business. He disallowed these deductions since they were not accurately recorded or supported by the evidence and could have included withdrawals by the partners as well as other non-deductible items.

The Tax Court refused to disturb the Commissioner's determination. It pointed out that the taxpayers failed to produce their vouchers or even the accountant's work sheets and that the conclusions of the accountant were based upon estimates rather than reliable records. For example, the accountant made journal entries on the books of the firm indicating that the unrecorded expense for the five months ending October 31, in the sum of $7,463.93 was made up of $1,000 for payment of claims, $2,000 auto expenses, and $4,463.93 for supplies; but, it was conceded, these sums were mere estimates on the part of the accountant and that there were no vouchers or listings of any kind to support the entries.*

■ We are in accord with these conclusions. The Commissioner's disallowance of the deductions was presumptively correct and the burden was on the taxpayers to overcome it. Their evidence, however, shows that they failed to keep an adequate account of their receipts and disbursements as contemplated by Section 54(a) of the Internal Revenue Code, 26 U.S.C.A. § 54

---

* Despite these disallowances, the petitioners were allowed deductions in the sum of $16,000 for supplies, $1,200 for auto expenses and $1,000 for the payment of claims.

(a), and that in consequence their records were in extremely bad shape. Moreover, the taxpayers failed to produce such books and vouchers as they kept or even the accountant's work sheets, and failed to give a satisfactory explanation of the absence of these records. The Commissioner was therefore at liberty to resort to the best procedure available under the circumstances in making his determinations, and to adopt the method used by the taxpayers' accounting in arriving at the amount of the gross income; Kenney v. Commissioner, 5 Cir., 111 F.2d 374; but the Commissioner was not bound to adopt the accountant's conclusion that the unrecorded expense represented deductible items. The amount of the unrecorded expense and its proper allocation were the result of the accountant's estimates and neither the Commissioner nor the court was obliged to accept this estimate or to give credit to the testimony of the taxpayers which was likewise unsupported by detailed records. It is true that the Tax Court may not arbitrarily reject well substantiated testimony; but it is not bound to accept the estimates of interested witnesses under such circumstances as prevail in this case. Greenfield v. Commissioner, 4 Cir., 165 F. 2d 318, 319.

The decision of the Tax Court is therefore

Affirmed.