MERLE R. GILLESPIE and MARVINE GILLESPIE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gillespie v. Commissioner
Docket No. 1763-74.
United States Tax Court
T.C. Memo 1976-269; 1976 Tax Ct. Memo LEXIS 136; 35 T.C.M. (CCH) 1181; T.C.M. (RIA) 760269; August 23, 1976, Filed *136 Petitioner Merle R. Gillespie claimed itemized and business expense deductions on his 1970 income tax return but upon audit and again at trial refused to produce any documentary substantiation for his expenses, contending that his action was justified by the privilege against self-incrimination contained in the 5th amendment to the United States Constitution. He offered only his oral testimony and that of his son and daughter, who had limited knowledge of his business operations. Held, the 5th amendment privilege against self-incrimination is not applicable where there is no showing that the information requested might tend to subject the taxpayer to criminal charges. Held further, petitioner's oral testimony and that of his son and daughter are insufficient to meet his burden of proof. Held further, respondent did not err in asserting additions to tax under sections 6651(a)(1) and 6653(a). Merle R. Gillespie, pro se. Douglas K. Cook, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $4,159.01 deficiency in petitioners' 1970 income tax and additions thereto under sections 6651(a)(1) and 6653(a) [1] of $415.90 and $207.95, respectively. The issues are: (1) Whether Merle R. Gillespie (hereinafter petitioner) is entitled to certain itemized deductions and deductions for business expenses and depreciation and (2) whether respondent erred in determining additions to tax under sections 6651(a)(1) and 6653(a). *138 FINDINGS OF FACT Some facts were stipulated and are found accordingly. Petitioner and his wife, Marvine, lived in Mesa, Arizona, when they filed their 1970 income tax return with the Mid-Atlantic Region Service Center, Philadelphia, Pennsylvania; they lived in St. Johns, Arizona, when they filed their petition herein. On his 1970 income tax return, petitioner claimed the following itemized deductions: Medical expense
$ 342.19
Taxes
707.88
Charitable contributions
353.50
Interest
1,450.26
$2,853.83 and business expenses: Materials and supplies
$ 4,995.90
Rent
1,515.00
Commissions
5,700.00
Telephone and
answering service
1,206.80
Auto expense
2,836.42
Entertainment
400.00
Depreciation
3,107.00
$19,761.12
Petitioner mailed his return from St. Johns, Arizona, on May 28, 1971, to the Mid-Atlantic Region Service Center where it was received June 1, 1971. This return was dated May 15, 1971. The return was not timely filed because petitioner left it at his St. Johns office while out of town attending to other business. Only after returning from his business trip did he date it. Sometime thereafter he mailed it to respondent. *139 Petitioner's return was assigned to Internal Revenue Agent Harold Brown (hereinafter Brown) for audit. Brown requested that petitioner supply him with records that would substantiate the deductions claimed on the return. Petitioner refused to produce any books or records, citing the 4th and 5th amendments to the United States Constitution. With the exception of the deduction for depreciation, respondent totally disallowed the deductions because of lack of substantiation. Respondent allowed petitioner a $360 depreciation deduction, disallowing the remaining $2,747. At trial, petitioner offered his own oral testimony, without supporting documentary evidence to substantiate his expenses. Petitioner's son and daughter, both of whom had participated in and had limited knowledge of petitioner's business operations during 1970, also testified as to the types of businesses in which petitioner engaged and as to the types of expenses involved in those businesses. OPINION The first issue is whether petitioner is entitled to the itemized and business expense deductions claimed for expenses allegedly incurred in 1970. Petitioner has the burden of proving the amount, if any, of *140 his expenses. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. In addition, pursuant to the enabling language of section 6001, [2]section 1.6001-1, Income Tax Regs., provides, in part: (a) In general. * * * [Any] person subject to tax under subtitle A of the Code, * * * shall keep such permanent books of account or records, including inventories, as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown by such person in any return of such tax or information. Finally, section 7602 states, in part: For the purpose of ascertaining the correctness of any return, * * * determining the liability of any person for any internal revenue tax * * * or collecting any such liability, the Secretary or his delegate is authorized-- *141 (1) To examine any books, papers, records or any other data which may be relevant or material to such inquiry. Petitioner apparently contends, although his position is not entirely clear, that the self-incrimination provision of the 5th amendment to the United States Constitution justifies his refusal to substantiate his expenses by showing any books or records to the revenue agent. [3] Petitioner further contends that respondent has vindictively disallowed his deductions because petitioner has claimed his constitutional rights. We think it is clear that neither of these arguments are meritorious. Brown was merely in the process of verifying petitioner's civil tax liability when he requested supporting information from petitioner as permitted by section 7602. There is no evidence of any criminal investigation involving petitioner. Where there is no showing that the information requested *142 might tend to subject the taxpayer to criminal charges, the claiming of the privilege against self-incrimination will not justify his refusal to substantiate his expenses. Elmer J. Brod,65 T.C. 948 (1976); E. Jan Roberts,62 T.C. 834 (1974). The 5th amendment is applicable only if the hazards of incrimination are real and appreciable and not merely imaginary and insubstantial. Marchetti v. United States,390 U.S. 39, 48 (1968); Rogers v. United States,340 U.S. 367, 374 (1951). Nor do we think that respondent's determination is arbitrary or vindictive. There is no evidence that petitioner's return was selected for audit for any but legitimate reasons. See E. Jan Roberts,supra.Deductions are a matter of legislative grace, and the taxpayer must establish that he comes within the terms of the statute granting the deduction. Interstate Transit Lines v. Commissioner,319 U.S. 590 (1943), Deputy v. DuPont,308 U.S. 488 (1940). Respondent's determination is presumptively correct, and petitioner has the burden of proving otherwise. Welch v. Helvering,supra. *143 Having concluded that petitioner's 5th amendment privilege has no application herein and that respondent's determination is neither arbitrary nor vindictive, we must determine whether petitioner has satisfied his burden. At trial, petitioner presented only oral testimony without supporting documentary evidence to prove the amount of his expenses. Petitioner's son and daughter, both of whom had participated in and had limited knowledge of petitioner's business operations during 1970, also testified as to the types of businesses in which petitioner engaged and as to the types of expenses involved in those businesses. While this Court may not arbitrarily reject well substantiated testimony, it is not bound to accept the testimony of obviously interested witnesses under the circumstances that prevail in this case. Burka v. Commissioner,179 F. 2d 483 (4th Cir. 1950), affg. a Memorandum Opinion of this Court. We hold that petitioner has failed to carry his burden of proof. Respondent's determination disallowing the claimed deductions is sustained.
The second issue is whether respondent erred in determining additions to tax under sections 6651(a)(1) and 6653(a). *144 Section 6651(a)(1) imposes an addition to tax when a taxpayer fails to file a timely return unless such failure is due to reasonable cause and not willful neglect. Petitioner has the burden of showing that his failure to file a timely return was due to reasonable cause and not willful neglect. C. Fink Fischer,50 T.C. 164 (1968). Petitioner testified that he prepared the return, inadvertently left it at his office in St. Johns while away on a business trip, and mailed it upon returning and discovering it. We are not of the opinion that this constitutes a sufficient showing of reasonable cause, especially since the return was dated May 15, 1971, and was not mailed until May 28, 1971. We hold that respondent's assertion of an addition to tax under section 6651(a)(1) was proper. Section 6653(a) is applicable if all or part of the underpayment of tax was due to "negligence or intentional disregard of rules and regulations." Petitioner has the burden of proof with respect to this issue. James S. Reily,53 T.C. 8 (1969). Section 6001 and the regulations thereunder require a taxpayer to maintain adequate records to establish the amount of his deductions. *145 Petitioner has failed to produce records, and has refused to adequately explain his failure. Accordingly, respondent's determination is sustained. Decision will be entered for the respondent. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise specified.↩
2. Section 6001 provides, in part: Every person liable for any tax imposed by this title [which includes the income tax], or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary or his delegate may from time to time prescribe.↩
3. Petitioner also cites the 4th amendment↩ in this regard. However, he does not clarify this argument, and we do not see any connection between petitioner's situation and restrictions against unreasonable searches and seizures. Therefore this contention merits no further discussion.