**In the Matter of BUFF–HENLEY PAPER COMPANY.**

**Civ. A. No. 87–2436.**

United States District Court,
E.D. Pennsylvania.

June 25, 1987.

Alexander N. Rubin, Unsecured Creditors Committee, Laurence Lichtenstein, Philadelphia, Pa., for appellant.

Fred Zimmerman, Pennsauken, N.J., for appellee.

## MEMORANDUM AND ORDER

VANARTSDALEN, Senior District Judge.

This is an appeal from a final order dated April 2, 1987, entered by Bankruptcy Judge Bruce I. Fox awarding interim counsel fees to counsel for the trustee in bankruptcy in the sum of $19,977.09. The appeal is taken by counsel for the trustee, who in the petition to the bankruptcy court sought a fee award of $26,217.50. Upon notice to creditors, no objection to the fee petition was filed by any creditor or any other party or person whomsoever. The fee petition was fully documented with identification of the attorney and paralegals rendering services, the hourly rates charged, and the date and notation of each particular service itemized in tenths of an hour (six minute segments). The petition also outlined in narrative form the nature and extent of the major services performed. The petition conformed in all respects with the requirements of local and federal rules of procedure and with the requirements of the case law as to fee applications in bankruptcy matters.

Appellant has filed its brief, and although properly served on all other parties

in interest, no responsive brief has been filed although the time for filing has elapsed. The matter is thus ripe for decision.

■ Deciding the amount of attorney fees to award is a function of the bankruptcy judge. Although matters of law are to be given plenary and de novo review, factual determinations are to be judged by the "clearly erroneous" standard when a district court, on appeal, must decide the correctness of a bankruptcy judge's determination of the amount of the fee. *In re Meade Land & Development Co., Inc.*, 527 F.2d 280 (3d Cir.1975) and 577 F.2d 858 (3d Cir.1978) ("Meade II"). The law firm-appellant contends that the "Bankruptcy Court erred as a matter of law and/or abused its discretion in disallowing a portion of the trustee's counsel's request for compensation for legal services rendered." Appellant's brief, page 3.

The difficulty on appeal, is that the record is devoid of any explanation or reason for the award being reduced from the requested $26,217.50 to $19,977.09. No opinion was written, and the petition itself contains no notations from the bankruptcy judge as to what hours, services or rates of compensation were reduced. It is impossible to tell whether the bankruptcy judge reduced the compensation on the basis of some factual reason or on the basis of some purely legal issue.

■ Logically, it might be argued that if a matter, such as the awarding of counsel fees is discretionary, the burden should be on the appellant to establish an abuse of discretion, and not on the bankruptcy judge to articulate his reasons for exercising his discretion in the way that he did. However, in this circuit, at least as applicable to discretionary decisions by a district judge, in order for an appellate court to determine whether there was a proper exercise of discretion, some explanation of the reasons why the discretion was exercised in the particular manner that it was is ordinarily required. The same should apply to bankruptcy judges' discretionary rulings, at least in situations where, as here, there is an uncontested fee petition, that on its face appears to be properly documented.

The bankruptcy judge is to be commended for his apparent careful review of fee petitions, and his obvious desire to perform his duty and reduce even uncontested fee petitions which he finds to be excessive. The obvious temptation would be to take the easy route by routinely approving such petitions and get on to the next case. Because of the precise amount to which the fee was reduced ($19,977.09), I assume that he went over the petition line by line and made certain specific reductions that have a logical basis. Unfortunately, however, there is nothing of record upon which I can properly review his calculations, if such they be.

Reluctantly therefore, I am compelled to remand the matter to the bankruptcy judge for reconsideration of the fee application. If the application on reconsideration is reduced in amount, an explanation of the reasons for the reduction should be provided in order that there may be a meaningful review. Also, on remand, it would not be inappropriate to afford counsel a hearing in order to explain any questioned items or charges.

■ Although appellant suggests that I set aside the order of April 2, 1987, and enter an order fully allowing the fee petition because the bankruptcy judge erred "as a matter of law," I find this argument unpersuasive. Determining the amount of the fee award is for the bankruptcy judge in the first instance, and merely because an explanation was not provided by the bankruptcy judge is no reason to vacate the award and have the district judge decide this discretionary matter.