**UNITED STATES of America and Internal Revenue Service, Appellants,**

v.

**Howard E. OWENS, Appellee.**

Civ. A. Nos. 87–0060, 87–2198.

United States District Court,
E.D. Pennsylvania.

March 10, 1988.

David Sambolin, Community Legal Services, Philadelphia, Pa., for Owens.

Karen Elias, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., James O'Connell, Philadelphia, Pa., for the U.S.

## MEMORANDUM

LUDWIG, District Judge.

The United States appealed from the order of the bankruptcy court dated November 28, 1986 that disallowed the amended claim of the Internal Revenue Service against appellee for individual income taxes for the year 1981. The Internal Revenue Service appealed from the order of the bankruptcy court dated March 10, 1987 confirming appellee debtor's Chapter 13 plan.[1]

On March 11, 1985, debtor, Howard E. Owens, petitioned for bankruptcy under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C.A. § 1301 *et seq.* (1979 & Supp.1987). The bankruptcy court set July 15, 1985 as the bar date for filing proofs of claim. On June 6, 1985 IRS sent Owens a notice of deficiency of $7,098,30 for 1981. On June 9, 1985, IRS filed a proof of claim for $487.45 as to Owen's income tax liability for 1983. On August 5, 1985 Owens filed his tax return for 1981. On January 22, 1986 IRS filed a proof of claim for $8,277.51 as to both 1981 and 1983.[2] This proof lists priority claims for personal income taxes of $4,422.45 ($4,108.45 for 1981 and $314.00 for 1983) and interest of $2,134.48 ($2,038.23 for 1981 and $96.25 for 1983). The balance, $1,670.58, represents general claims for tax penalties.

---

**1.** Jurisdiction: 28 U.S.C. § 158(a).

**2.** The 1983 taxes were a repetition of the earlier claim.

Owens challenged the later proof of claim as belated. The bankruptcy court upheld the 1983 portion of the claim. It disallowed the 1981 portion because it was an original claim that postdated the claims time bar. In so ruling, the bankruptcy court cited three factors: (1) the absolute nature of the policy barring late filings; (2) the failure of IRS to ask for an extension under Bankruptcy Rule 3002(c)(1); and (3) the equitable factors enunciated in *In re Miss Glamour Coat Co., Inc.,* 80–2 U.S. Tax Cas. (CCH) ¶ 9737 (S.D.N.Y.1980). It emphasized, however, that the policy against late filings and the lack of a request for an extension of time were, in combination, sufficient to justify preclusion of the 1981 claim.

■ In reviewing bankruptcy court decisions, our court is an appellate court. Bankr. Rule 8013 (1984). "Findings of fact shall not be set aside unless clearly erroneous." *Id. See, e.g., In re Buff–Henley Paper Co.,* 75 B.R. 551, 552 (E.D.Pa.1987). Because the allowance or denial of an amended proof of claim is discretionary, our review in this case is under an abuse of discretion standard. *See, e.g., In re AM International, Inc.,* 67 B.R. 79, 81 (N.D.Ill. 1986); *In re International Horizons, Inc.,* 751 F.2d 1213, 1216 (11th Cir.1985). *Cf. In re Neshaminy Office Bldg. Assocs.,* 62 B.R. 798, 803 (E.D.Pa.1984).

■ "[A]mendments to proofs of claim should in the absence of contrary equitable considerations or prejudice to the opposing party be freely permitted." *In re W.T. Grant Co.,* 53 B.R. 417, 420 (Bankr.S.D.N.Y.1985). However, such amendments are to be allowed "only where the original claim prompted notice to the court of the existence, nature, and amount of the claim." *International Horizons,* 751 F.2d at 1217. *See also AM International,* 67 B.R. at 82. "Amendments to proofs of claim filed after the bar date in bankruptcy

cases are scrutinized closely to ensure that the amendment is genuine rather than the assertion of an entirely new claim." *Id.* at 81.

■ Here, IRS's subsequent claim pertained, generally, to debtor's personal income tax liability. However, it included a period of liability for which no timely claim was filed. The view of the bankruptcy court was that the claim was an attempt to "assert an entirely new claim." *See, e.g., In re Sapienza,* 27 B.R. 526 (Bankr.W.D.N.Y.1983) (amended claim for different tax year was the assertion of a new claim); *Am International,* 67 B.R. 79. *But see In re Simms,* 40 B.R. 186 (Bankr.N.D.Ga. 1984) (untimely "amended claim" asserting federal income tax liability for different years from those asserted in timely filed claim should "relate back").[3] We conclude that the bankruptcy court did not abuse its discretion in determining that IRS's claim for 1981 taxes was an assertion of a new claim.

■ The bankruptcy court also considered Bankruptcy Rule 3002(c)(1) that provides: "On motion ..., the court may extend the time for filing of a claim by the United States." Rule 3002(c)(1) gives the United States a flexibility not available to other creditors. Although Owens had not filed his income tax return, IRS sent him notice of deficiency for 1981 taxes on June 6, 1985 and filed its proof of claim for 1983 taxes three days later—well before the bar date of July 15, 1985. IRS did not utilize Rule 3002(c)(1) for an extension and did not file a separately estimated claim for the 1981 deficiency.

The sole justification offered by IRS for the belated filing of the 1981 claim on January 22, 1986, some six months after the bar date, is that Owens did not file his 1981 tax return until August 5, 1985. Considering all of the time factors, the bank-

---

**3.** As discussed in *In re Midwest Teleproductions Co.,* 69 B.R. 675, 677 (Bankr.N.D.Ohio 1987), two lines of authority have emerged as to amendments of timely filed claims. *Compare In re International Horizons Inc.,* 751 F.2d 1213 (11th Cir.1985) (amended claim for corporate taxes to timely filed claim for FICA and with-

holding taxes was assertion of new claim and disallowed) *with Menick v. Hoffman,* 205 F.2d 365 (9th Cir.1953) (amendment permitted after bar date to add claim for personal income taxes where timely filed claim was for FICA and withholding taxes as both claims were "demands of the same generic origin").

ruptcy court did not abuse its discretion in concluding that IRS should have moved for an extension of time and, not having done so, should be barred from amending its 1983 claim to include 1981.

IRS contends that the bankruptcy court did not properly consider the equitable factors set forth in *Miss Glamour Coat*[4] in two respects. First, it concluded that the 1981 claim could be construed to be a post-petition claim. Second, it determined that the addition of the 1981 tax claim would prejudice the debtor and other creditors despite the lack of a confirmed plan.

■ Although IRS may be correct that the 1981 taxes cannot qualify as a post-petition claim,[5] the bankruptcy court's decision explicitly did not rely on this finding. Moreover, its balancing of *Miss Glamour Coat*, would not be vitiated by this ostensible error. The remaining factors weigh against IRS's equitable position.

Because the bankruptcy court did not abuse its discretion in disallowing the claim for 1981 taxes, IRS's appeal of the confirmation of Owens's Chapter 13 plan must also be denied.

### ORDER

AND NOW, this 10th day of March, 1988, the orders of the bankruptcy court

dated November 28, 1986 and March 10, 1987 are affirmed.

---

**4.** *Miss Glamour Coat*, 80–2 U.S. Tax Cas. (CCH) ¶ 9737, suggests consideration of five factors in determining whether amendments to claims should be allowed:

> (1) Whether the bankrupt and creditors relied upon the IRS' earlier proofs of claim or whether they had reason to know that subsequent proofs of claim would follow pending the completion of the audit; (2) whether the other creditors would receive a windfall to which they are not entitled on the merits by the court not allowing this amendment to the IRS' proof of claim; (3) whether the IRS intentionally or negligently delayed in filing the proof of claim stating the amount of corporate taxes due; (4) the justification, if any, for the failure of the IRS to file for a time extension for the submission of further proofs of claim . . .; and (5) whether or not there are any other considerations which should be taken into account in assuring a just and equitable result.

*Id.* at 85, 434–35 (citations omitted).

**5.** The bankruptcy court asserts that tax claim for 1981 can be construed as a post-petition claim under 11 U.S.C.A. § 1305 (1984), which would not be discharged in bankruptcy. Ordinarily, a claim for taxes owed before the filing of a petition constitutes a pre-petition claim, even if the applicable income tax return is not filed until after the filing of a bankruptcy petition. *See In re Overly–Hautz Co.,* 57 B.R. 932, 937 (Bankr.N.D.Ohio 1986). The note to § 1305 explains that the section applies to the "filing of a proof of claim for taxes and other obligations *incurred* after the filing of the chapter 13 case." 11 U.S.C.A. § 1305 note (emphasis added). "A tax is incurred on the date it accrues, not on the date of assessment or the date it is payable." *Id.* Because the tax was incurred prior to the filing of the Chapter 13 petition, § 1305 appears to be inapplicable, making the claim dischargeable as a pre-petition claim. *See In re Richards,* 50 B.R. 339 (E.D.Tenn.1985).