**In the Matter of CLEAR CORPORATION, Debtor.**

**Bankruptcy No. 88–02331(SEK).**

United States Bankruptcy Court, D. Puerto Rico.

Jan. 18, 1990.

Reginald Barney, San Juan, P.R., for debtor.

José L. Jiménez, Ramos, Jiménez & Ramos Cámara, Condado, Santurce, P.R., for claimant Amalia Padilla Mendoza.

## OPINION AND ORDER

SARA E. DE JESUS, Bankruptcy Judge.

On April 19, 1989 Amalia Padilla Mendoza filed a motion pursuant to Bankruptcy Rule 3003(c)(3) and 9006(b) requesting leave to file an untimely proof of claim. She alleged as ground for her motion, that due to an "error of form", two proof of claims (Claim No. 7 and 8) were filed in the individual Chapter 13 case of Debtor's shareholders Rafael Rodríguez Hernández and Sarah Falcón Grillasca (Case No. 88–02332); when one of them should have been filed on Debtor's case No. 88–02331. The Court granted the motion on April 27, 1989. In the meantime, Debtor filed a motion in opposition to Padilla's request. The Court set the matter for hearing and now enters the following

## FINDINGS OF FACT

1. Debtor filed a petition under Chapter 11 of the U.S. Bankruptcy Code on August 19, 1988.

2. The Court set January 2, 1989 as the last day for creditors listed on schedules by Debtor as disputed, contingent or unliquidated to file a proof of claim. This was notified by the Clerk to all parties in interest as required by the Bankruptcy Rule and Code on August 31, 1988. Amalia Padilla appears listed in the master address list used by the Clerk's Office in this case.

3. Debtor scheduled Amalia Padilla as a creditor with an unsecured priority claim of $336.00 and an unsecured, contingent, disputed and unliquidated claim in the amount of $132,411.72.

4. On April 19, 1989 a proof of claim on behalf of Amalia Padilla in the amount of $132,411.72 was filed in Bankruptcy case No. 88–02331.

5. Debtor's shareholders, Rafael Rodríguez Hernández and his wife Sarah Falcón filed an individual Chapter 13 petition on August 19, 1989, (Bankruptcy case No. 88–02332).

6. Amalia Padilla was also scheduled as creditor in case No. 88–02332.

6. The last day set for filing claims in the shareholders' case was January 1, 1989.

8. On January 18, 1989 two proof of claims were filed on behalf of Amalia Padilla in the amount of $132,411.72 in case No. 88–02332.

9. Debtor filed a Second Amended Plan on April 26, 1989, which provides for 100% payment to all filed and approved claims.

## ISSUE

Whether Amalia Padilla is entitled to file proof of claim pursuant to Bankruptcy Rule 3003(c)(2) and 9006(b).

## CONCLUSIONS OF LAW

Bankruptcy Rule 3003(c)(2) indicates who must file a proof of claim, and in its pertinent part states: "any creditor ... whose claim or interest is ... scheduled as disputed, contingent or unliquidated shall file a proof of claim ... within the time prescribed by subdivision (c)(3) of this Rule; any creditor who fails to do so shall not be treated as a creditor with respect to such

claim for the purposes of voting and distribution." Subsection (c)(3) of this same Rule states: "the Court shall fix and for cause shown may extend the time within which proof of claim or interest may be filed."

 *Collier* tells us that the notice for the last day to file claims, or the bar date, must be given at least 20 days ahead of the expiration date and be reasonable.[1] After the passage of this bar date, the Court may grant an extension upon showing of good cause, including excusable neglect, as provided in Bankruptcy Rule 9006(b). The Rule does not define excusable neglect, but the Courts have referred to the use which F.R.C.P. 60(b) gives to that term.[2] Hence, the moving party must show cause by way of excusable neglect, indicate whether the delay would prejudice the Debtor or have an impact on the administration of the Estate, whether the delay was beyond Movant's reasonable control and whether Movant acted in good faith. The most critical factor which Courts consider in granting the enlargement is whether Movant had sufficient and reasonable notice of the bar date.[3] In any case, the Bankruptcy Court has discretion to grant Movant's request, although the Motions are not favored.[4]

In this case the proposed plan accepted by creditors with right to vote under the law, calls for the sale of the business (a cafeteria), with a 100% payment to all creditors who are entitled to participate in the distribution of Debtor's assets. If Ms. Padilla is allowed to file her proof of claim, the plan cannot be confirmed and there will not be 100% payment to creditors.

There is no doubt that Ms. Padilla received a timely and reasonable notice of the bar date. The "error of form" alleged as good cause for the late filing, in actual fact appears to be a mistake which does not move this Court to enlarge the period of time for filing a proof of claim.[5]

Wherefore, the Order entered on April 27, 1989 is vacated and set aside and Ms. Padilla's claim filed on April 19, 1989 is disallowed as untimely.

The Clerk will enter this Order in the claims and legal dockets and give the notice.

---

1. 8 *Collier on Bankruptcy*, Section 3003.05[4] (15th Ed.).

2. 9 *Collier on Bankruptcy Sec. 9006.06* (15th Ed.).

3. *Id.;* 9 *Collier on Bankruptcy*, Section 9006.05[1], 9006.06 (15th Ed.).

4. *Id.;* Cf. *U.S. v. Owens*, 84 B.R. 361 (D.C.E.D. Pa., 1988).

5. See *In re Manning*, 4 B.C.D. 3004 (Bkrtcy. Conn., 1978) and the cases cited in *In re South Atlantic Financial Corp.*, 767 F.2d 814, 817–818 (11 Cir., 1985). The Court notes Ms. Padilla committed the "error of form" by filing two identical proof of claims on *January 18, 1989* in the shareholders' personal bankruptcy case. Even if one of these proof of claims would have been filed in this case, it would have been untimely as the bar date of January 2, 1989 had transpired.