**In re CONTINENTAL AIRLINES, INC., et al.**

**Bankruptcy Nos. 90–932 to 90–984.**

United States Bankruptcy Court, D. Delaware.

June 22, 1995.

Laura Davis Jones, Robert S. Brady, Young, Conaway, Stargatt & Taylor, Wilmington, DE, Christian C. Onsager, Adrienne O'Connell McNamara, Mary B. Tribby, Faegre & Benson, Denver, CO, for debtors.

Lloyd M. Harmon, Jr., County Counsel, Diane Bardsley, Chief Deputy, Leonard W. Pollard, II, Deputy, San Diego, CA, for County of San Diego.

HELEN S. BALICK, Chief Judge.

This is the court's decision on Continental's objections to certain proofs of claim filed by the County of San Diego. This core matter was submitted on the pleadings[1] at the County's request. 28 U.S.C. § 157(b)(2)(B).

## BACKGROUND

Before the bar date of September 27, 1991, the County of San Diego filed a proof of claim, # 8704, in the amount of $11,013.80 which represented taxes due as of March 1, 1990 as follows:

| TAX BILL # | ASSESSED AS OF | AMOUNT DUE |
|---|---|---|
| 08001–90–922818 | 3/1/90 | $4,316.50 |
| 08001–90–922804 | 3/1/90 | $6,456.45 |
| 08001–90–922819 | 3/1/90 | $240.85 |

The proof of claim contained a provision: "Additional monthly interest in the amount of $147.76 accruing the first of every month beginning 8/1/91."

In April 1992 the County filed two proofs of claim for taxes assessed as of March 1, 1988, March 1, 1989 and March 1, 1990 in the total amount of $25,215.37, requesting additional monthly interest in the amount of $296.79 beginning May 1, 1992 (claim # 11044). The second proof of claim (claim # 11046) is for property taxes assessed as of March 1, 1988 in the amount of $1,480.20 with interest in the amount of $111.92 as of September 1, 1992 and additional monthly interest of $16.79 accruing beginning November 1, 1992.

Continental objected to proofs of claim #'s 11044 and 11046 contending they are late filed claims as to each year other than 1990. It is the County's position that these proofs of claim are amendments to claim # 8704 because Continental knew the County was conducting an audit. Proof of claim # 8704 made no reference to the existence of a continuing audit nor the possibility of an additional claim. The County did not request an extension of time for filing a proof of claim nor did it file a contingent unliquidated claim.

## DISCUSSION

■ Although amendments should be freely allowed, they should not be used to assert an entirely new claim. A claim for a tax year different from the tax year in the timely filed proof of claim is the assertion of a new claim and not an amendment. The County's claims for taxes assessed as of March 1, 1988, and March 1, 1989, are not reasonably related to its proof of claim # 8704. *U.S. v. Owens,* 84 B.R. 361 (E.D.Pa.1988).

■ The fact that Continental knew an audit was taking place is not sufficient to establish any possible claim as a result of that audit. This is so considering that more than two years before the County filed proofs of claim # 's 11044 and 11046 asserting taxes due for 1988 and 1989, Continental at the County's request had filed a waiver permitting the County to conduct an audit for those tax years. Moreover, the County had earlier filed two proofs of claim, # 2993 dated January 23, 1991 in the amount of $13,586.67 for taxes assessed as of March 1, 1983, and # 23212 dated August 7, 1991 for 1991–92 business taxes in the amount of $460.[2] Taking into consideration the three timely filings, Continental, but more particularly its creditors, had no reason to believe that the County would be filing additional claims subsequent to the bar date for years between 1983 and 1991.

The County was aware of the bar date. It had ample time to file timely claims or seek an extension. It offered no legitimate excuse for not doing so. The County's unexplained negligence does not require the allowance of an amendment on equitable grounds. *In Re International Horizons, Inc.,* 751 F.2d 1213 (1985). *Matter of Stavriotis,* 977 F.2d 1202 (7th Cir.1992).

■ Continental also objected to proof of claim # 8704 as seeking improper penalties. As the County points out, the tax bills support its position that proof of claim # 8704 does not include penalties. The claim does include post-petition interest on an accruing basis. The County is entitled to interest on

---

1. 3 proofs of claim, # 's 8704, 11044, 11046; Doc. # 's 7684, 7692, 7848, 8179, 8288, 8333.

2. The court took judicial notice of these proofs of claim. The parties did not address them in their pleadings.

the 1990 taxes only to December 3, 1990, the date Continental filed its Chapter 11 case.

An order in accordance with this letter opinion is attached.