**In re Emil and Judith STAVRIOTIS, Debtors.**

**Bankruptcy No. 85 B 13499.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Sept. 20, 1989.

Doug Snoeynenbos, Washington, D.C.

Rogelio Villageliu, I.R.S., Chicago, Ill.

Brown & Shinitzky, Chtd., Chicago, Ill.

James Carmel, Chicago, Ill.

Clifford Meacham, Office of U.S. Trustee, Chicago, Ill.

### MEMORANDUM OPINION

ERWIN I. KATZ, Bankruptcy Judge.

This matter comes before this Court on the Motion for Summary Judgment brought by Emil and Judith Stavriotis ("Debtor") and the Cross–Motion for Summary Judgment brought by the United States of America ("US"). The issue on which the parties are moving for summary judgment is whether a proof of claim filed by the US in Debtor's bankruptcy case after the bar date should be allowed, either as an amendment to a proof of claim filed before the bar date or under equitable principles. This Court holds that the late filed proof of claim should not be allowed on either ground, for the reasons set forth in this Opinion.

### FACTS

Debtor filed the petition initiating this case on October 8, 1985. The Court set November 6, 1986 as the bar date for filing proofs of claim. Prior to the bar date, on October 2, 1986, the Internal Revenue Service ("IRS") filed a proof of claim in the amount of $11,132.93. This proof of claim

was for income taxes for the Debtor's taxable years of 1981 and 1984 and included interest and penalties.

At the time the IRS filed the proof of claim, the IRS was conducting an audit of Debtor's tax returns for the Debtor's taxable years of 1981, 1982 and other years as well. At no time, however, did the IRS seek an extension of the bar date to enable it to complete its audits in time to file proofs of claim before the bar date. In addition, the IRS stated, in a letter to Debtor dated November 20, 1986, that it was accepting Debtor's 1981 tax return as filed.

On April 27, 1987, almost six months after the bar date, the IRS filed a proof of claim denominated "Amendment # 1 to Proof of Claim filed 10–02–86". That proof of claim was in the amount of $2,449,523.74 and covered income taxes, interest and penalties for Debtor's taxable years of 1981 and 1982.

The Debtor objected to the allowance of the April 27, 1987 proof of claim on the grounds that it was filed past the bar date. In addition, the Debtor claims that the IRS was not entitled to have the late-filed claim allowed on equitable grounds. The IRS counters by asserting that, by reason of the combination of the first proof of claim and the ongoing audit, the Debtor was on notice that additional claims would be made so that the second proof of claim should relate back to the first, timely filed, proof of claim. Alternatively, the IRS claims that its second proof of claim should be allowed on equitable grounds even if it is found to have been late filed. Each party has moved for summary judgment in favor of its position.

## DISCUSSION

■ The IRS, in its first responsive memorandum of law, gives an excellent overview of the various legal theories employed by courts in approaching a late-filed tax proof of claim problem, such as the one presented in this case. Some courts have allowed a late-filed tax proof of claim to relate back on a virtually per se basis. *See, e.g., Menick v. Hoffman*, 205 F.2d 365 (9th Cir.1953); *Matter of Saxe*, 14 B.R. 161 (Bankr.S.D.N.Y.,1981). These courts analogize the relation back question to the relation back of pleadings under Federal Rule of Civil Procedure 15(c). They further hold that the requirement of the same conduct, transaction or occurrence in Rule 15(c) is met so long as both proofs of claim are filed by the same taxing authority for tax claims regardless of the type of tax on which those claims are based.

For example, in *Saxe*, the court found the requisite similarity even though the original proof of claim was for individual income taxes while the late filed proof of claim was for unpaid withholding taxes. Following the permissive attitude of these courts, the IRS has incorporated a rule in its Internal Revenue Manual, at Section 57(13)2.463, which states: "An amended proof of claim may be filed subsequent to the bar date so long as the tax classification and taxable period were included in a timely filed proof of claim." It should be noted that even this permissive rule would not cover the April 27, 1987 claim for 1982 taxes since the October 2, 1986 proof of claim sought taxes for only 1981 and 1984.

As the IRS acknowledges in its brief, other courts have taken a more restrictive approach to late filed proofs of claim. Some have disallowed the late-filed proof of claim when it involves a different type of tax than the type claimed on the original proof of claim. *See, e.g., International Horizons*, 751 F.2d 1213 (11th Cir.1985). Others have disallowed the late-filed proof of claim when it sought to add new taxable periods beyond those covered by the original proof of claim. *See, e.g., In re Miller*, 90 B.R. 317 (Bankr.E.D.Tenn.,1988); *In re Kulick*, 85 B.R. 680 (Bankr.E.D.N.Y.,1988). Still others have disallowed the late-filed proof of claim even though it covered the same tax and the same period as the original proof of claim. *See, e.g., In re Norris Grain Co.*, 81 B.R. 103 (Bankr.M.D.Fla. 1987) (original claimed interest; late-filed claimed principal).

The Debtor's brief, though less exhaustive, does cite the controlling authority in this district, *In re AM International, Inc.*, 67 B.R. 79 (N.D.Ill.1986). That opinion was

by Judge Moran and it affirmed the Bankruptcy Court opinion of Chief Judge Schwartz. The case did not involve federal taxes but sales taxes imposed by Pennsylvania. The first, timely filed, claim was for $51,743.07 based upon sales taxes collected and unpaid. As a result of an audit commenced after the bar date, Pennsylvania filed a purported amendment to its proof of claim, which was filed after the bar date. That second proof of claim was for $131,413.47, covered a time period overlapping the period covered by the first proof of claim and was based on sales taxes that were not only unpaid but were also uncollected.

■ Judge Moran, in complete agreement with Chief Judge Schwartz, emphasized the difference in the nature of the claims: while the one was for collected but unpaid sales taxes, the other was for both uncollected and unpaid sales taxes. As a result, he affirmed the disallowance of the late-filed proof of claim. He also noted the great disparity in amount between the two claims, finding that disparity sufficient of itself to support a holding that the first proof of claim did not give sufficient notice of the second. Although the IRS vigorously disputes this proposition, citing case law to the contrary, it is clearly the law in this district which this Court is bound to follow.

This Court agrees with Debtor that *AM International* is dispositive of this case. This Court finds merit in Debtor's contention that the taxes claimed in the late-filed proof of claim, based as they are on disallowed deductions, are sufficiently analogous to the uncollected and unpaid sales taxes in *AM International* and are therefore sufficiently dissimilar from the taxes claimed in the original proof of claim so as to require the second proof of claim's disallowance. Moreover, just as in *AM International,* the disparity in amount between the two claims, the first one claiming $11,132.93 and the second one claiming $2,449,523, is sufficiently large to support a holding that the first proof of claim did not give adequate notice of the second. The ongoing audit in this case does not change this result; that factor was present in *AM International* as well and did not change Judge Moran's analysis.

■ The IRS alternatively relies on the equitable factors enumerated in *In re Miss Glamour Coat Co.,* 80–2 U.S. Tax Cas. (CCH) Par. 9737, 1980 WL 1668 (S.D.N.Y. 1980), based upon which a court may, in its discretion, allow a late-filed proof of claim. Those enumerated factors are listed in the US's brief as follows:

(1) Whether the parties or creditors relied on the IRS' initial claim, or whether they had reason to know subsequent proofs of claim would follow pending the completion of the audit.

(2) Whether other creditors would receive a windfall to which they are not entitled on the merits by the court not allowing this amendment to the IRS' proof of claim.

(3) Whether the IRS intentionally or negligently delayed in filing its amended claim.

(4) The justification, if any, for the failure to request a timely extension of the bar date.

(5) Any other general equitable considerations.

Judge Moran in *AM International* dealt also with this question of allowing a late-filed proof of claim on equitable grounds. He first stated: "[B]efore this equitable power may be exercised the party seeking equity should be without fault as to a late-filed proof of claim.... Where creditors have had no notice of the claim and have relied on its absence, the reason for the late claim tends to determine how the balance will tip.... Here, the Commonwealth (of Pennsylvania) offered no excuse for its failure to file the second claim within the time period set by the court or for its failure to request an extension of the bar date. Instead, it relied on the debtor's knowledge of and participation in the tax audit ... as a supposed substitution for a formal proof of claim." *AM International, supra,* 67 B.R. at 82 (citations omitted). Judge Moran went on to state that because of the lack of notice to the estate, it may

well have been an abuse of discretion for the Bankruptcy Court to have *allowed* the late-filed proof of claim.

In this Court's view, the circumstances in the instant case are, in all relevant respects, identical with those in *AM International.* The creditors of the Debtor's estate had no notice of the IRS' late-filed claim and have relied on its absence as much as did the creditors in *AM International.* The IRS offered no excuse for its failure to file the second claim before the bar date nor did it offer any excuse for failing to request an extension of the bar date. Its reliance on the continuing audit should avail it no more than did Pennsylvania's reliance on the audit in *AM International.*

This Court notes that knowledge of an audit may provide notice to the Debtor but it does nothing to give notice to the creditors of the estate. As Judge Moran pointed out in *AM International,* the procedural requirements of the Bankruptcy Code and Rules operate to protect all parties, creditors as well as debtors. A creditor in the position of the IRS ignores those procedural protections at its own risk. At least in the bankruptcy area, the IRS cannot supplant the courts as a rulemaking body by picking the position most favorable to it and incorporating it in the Internal Revenue Manual. In this Court's view, the IRS' failure to apprise itself of the controlling authority in this district and to act accordingly amounts to the type of negligent delay referred to in *Glamour Coat.*

This Court takes seriously Judge Moran's admonition that, in circumstances identical in all relevant respects to this case, it would be an abuse of discretion to allow a late-filed proof of claim. Accordingly, this Court grants Debtor's Motion for Summary Judgment and denies the IRS' Cross–Motion for Summary Judgment.