**In re Thomas L. FISCHER and Carolyn A. Fischer, Debtors.**

**Bankruptcy No. 87–00075–DPM.**

United States Bankruptcy Court, E.D. Missouri, E.D.

Dec. 29, 1989.

Curtis L. Mann, St. Louis, Mo., for debtors.

Frederick J. Dana, Asst. U.S. Atty., St. Louis, Mo.

James S. Cole, St. Louis, Mo., Asst. U.S. Trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Chief Judge.

### I. JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(B), which the Court may hear and determine.

### II. PROCEDURAL BACKGROUND

Thomas L. Fischer and Carolyn A. Fischer filed for protection under Chapter 11 of the Bankruptcy Code on January 23, 1987. The Court issued its Order For Meeting Of Creditors on January 27, 1987, which provided in part, "Creditors: File your claims *NOW*. Disputed claims not filed by bar date generally are not allowed. Bar date is May 18, 1987." The Internal Revenue Service of the United States ("IRS") filed its original claim (Claim No. 16) on April 21, 1987 in the sum of $72,162.03.

On October 5, 1988, the IRS filed what was identified as Amendment No. 1 to the Proof of Claim dated April 21, 1987 in the amount of $562,445.92 which administratively was designated Claim No. 40 by the Clerk's Office. The Debtors filed their objection to Claim No. 16 on January 11, 1988 and to Claim No. 40 on October 14, 1988. Debtors' Objection To Claim No. 16 later was withdrawn. The Objection To Claim No. 40 was partially heard on November 18, 1988 and completed on December 1, 1988. Briefs were received by the Court and the Debtors' reply brief was filed on January 18, 1989.

### III. FACTUAL BACKGROUND

The facts are not in dispute. The Debtors listed the IRS as a priority creditor in their original Schedule A–1 as follows:

| Nature of Claim | Amount of Claim |
|---|---|
| Liability for Trust Fund Withholding for T.L. Fischer, Inc. for 1981–1983 | $100,000.00 plus |
| Liability for Five F Plumbing Co., Inc. for 1984–1986 | $ 35,000.00 plus |

The Debtors listed a number of other creditors and, where appropriate, clearly identified those claims they disputed or felt were unliquidated or contingent.

Prior to the bar date of May 18, 1987, the IRS filed Claim No. 16. Claim No. 16 consisted of the Debtors' 941 tax liability (i.e., trust fund employer obligated taxes) for the last quarter of 1981 and the third quarter of 1983, in the sum of $72,162.03 based on a 100% penalty arising out of tax liabilities incurred under T.L. Fischer, Inc.

Claim No. 40, which the IRS contends is an amendment to Claim No. 16, was filed on October 5, 1988 or approximately sixteen and one-half months after the bar date. Claim No. 40 again recounts the tax liability and time periods set out in Claim No. 16, and adds the Debtors' 941 tax liability for the first quarter of 1984 and the second quarter of 1986. The claim for the first quarter of 1984, in the sum of $265,-012.35, is for a 100% penalty incurred in connection with T.L. Fischer, Inc. The claim for the second quarter of 1986, in the sum of $112,625.77, arises out of a 100% penalty from Five F Plumbing Co., Inc. The IRS lists this particular obligation twice, against both Thomas L. Fischer and Carolyn A. Fischer individually. In the aggregate, Claim No. 40 seeks the sum of $564,445.92. A payment of $449,810.15 would satisfy the claim after deducting $112,625.77, the liability which has been listed twice.

The two liabilities added by Claim No. 40 resulted from an investigation of the Debtors commenced on October 15, 1986 by IRS revenue officer Alois C. Hoag. On October 29, 1986, Mr. Hoag received a "stop work" order from the Criminal Investigation Division of the IRS. That IRS division later conducted a criminal investigation of Debtor Thomas L. Fischer for tax liabilities not at issue here. It was not until June of 1987 that Mr. Hoag again received the Five F Plumbing Co., Inc. file; he also received the T.L. Fischer, Inc. file at that time. (Recall that the bar date for filing claims was May 18, 1987.) According to the candid testimony of revenue officer Hoag, no actual work was begun on either file until March of 1988. On April 8, 1988, Mr. Hoag sent letters to the Debtors notifying them of the proposed assessments. He completed his investigation and forwarded his assessment recommendation to the claim division on or about June 13, 1988. Claim No. 40 was filed on October 5, 1988. At no time did the IRS request an extension of time for the filing of additional claims pursuant to Rule 3003(c)(3).

## IV. DISCUSSION AND ANALYSIS

■ The parties requested a bifurcated hearing to determine whether Claim No. 40 is to be regarded as an amendment to Claim No. 16 or if it is in fact a new claim barred by the Court Order establishing May 18, 1987 as the final day for filing claims. It is well settled that the decision to allow an amendment to a timely filed claim is within the sound discretion of the Court. *See, e.g., In re AM International, Inc.,* 67 B.R. 79 (N.D.Ill.1986). The IRS contends that the supplemental claim of October 5, 1988 concerns the same subject matter as the timely filed claim and that the Debtors were aware of and on notice that the taxes at issue were due and owing. In response, the Debtors assert that they have the right to rely on the claims filed by the bar date and argue that the amendment should be disallowed because the IRS should have availed itself of the opportunity to request an extension pursuant to Rule 3003.

## A. THE AMENDMENT MUST "RELATE–BACK" TO THE TIMELY CLAIM

As a general rule, "amendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim." *International Horizons, Inc.,* 751 F.2d 1213, 1216 (11th Cir.1985). However, many courts have cautioned that post bar date amendments must be scrutinized "to assure that there [is] no attempt to file a new claim under the guise of an amendment." *Id., citing, In re Matter of Commonwealth Corp.,* 617 F.2d 415, 420 (5th Cir.1980).

The IRS asserts that the added claims arise out of the same conduct, transaction, or occurrence at issue in the original timely filed claim even though those claims involve different years, different quarters, and an additional named corporate entity. The IRS cites *Menick v. Hoffman,* 205 F.2d 365 (9th Cir.1953) in support of the proposition that the relation back question should be decided using an analogous application of the analysis employed by courts considering the relation back of pleadings under Federal Rule of Civil Procedure 15(c). However, in applying this standard to amended claims filed by the IRS in bankruptcy, courts have reached varying results. For example, when confronted with a late filed claim which sought to add new taxable periods beyond those covered by the original claim, courts have held both that the claim related back as an amendment and that it did not. *In re Simms,* 40 B.R. 186 (Bankr.N.D.Ga.1984) (untimely claims for different years related back where IRS indicated intent to hold Debtor liable in the timely filed claim); *but, see, U.S. v. Owens,* 84 B.R. 361, 364 (E.D.Pa. 1988) (IRS barred from amending its claim to include a different year; the court found IRS should have moved for an extension); and *In re Stavriotis* 103 B.R. 1005, 19 BCD 1264 (Bankr.N.D.Ill.1989) (amended claim for different year disallowed; court noted great disparity in amounts of claims, find-

ing that first proof of claim did not give adequate notice of second).

■ There are two distinctly different claims asserted by the IRS in the purported amendment at bar. With respect to the claim for the second quarter of 1986, there exists no relationship between it and the claims contained in the original proof of claim. All tax liabilities recited in the timely claim of April 21, 1987 relate to conduct under T.L. Fischer, Inc. The claim for the second quarter of 1986 arose from conduct under Five F Plumbing Co., Inc. and, as such, it cannot be said that this claim relates back to the original proof of claim. This particular claim is not the proper subject of an amendment and, therefore, it will not be accepted. However, there exists a subsidiary issue affecting these tax liabilities arising from Five F Plumbing Co., Inc. That is, did the filing of Claim No. 16 effectively supersede Debtors' Schedule A–1 listing of the Five F Plumbing Co., Inc. liability or, can the IRS continue to rely on that listing because its timely claim only related to liabilities arising from T.L. Fischer, Inc.? *See*, Bankruptcy Rules 3003(b)–(1) & (c)(4). A hearing on this issue will be held on January 17, 1990 at 2:00 p.m.

■ The IRS also seeks to add a claim for taxes which arose from T.L. Fischer, Inc. for the first quarter of 1984 in the amount of $265,012.35. The Debtors do not dispute that this particular claim is for taxes of the same kind asserted in the timely filed claim, although the initial claim does not indicate subsequent filings for different years were contemplated. The court in *U.S. v. Owens* was presented with a similar set of circumstances and held that an amended claim for a "period of liability for which no timely claim was filed. . . . was an attempt to assert an entirely new claim.'" 84 B.R. at 363, *citing, In re Sapienza*, 27 B.R. 526 (Bankr.W.D.N.Y.1983); *In re AM International*, 67 B.R. 79. In addition, a disparity in amounts between two claims has led more than one court to conclude that if the disparity is "sufficiently large to support a holding that the first proof of claim did not give adequate notice of the second," the amendment would not

be allowed. *In re Stavriotis*, 103 B.R. 1005, 19 BCD at 1265, *citing, AM International, supra.* The first, timely filed claim for obligations arising under T.L. Fischer, Inc. was in the amount of $72,162.03, while the second, untimely claim adds an additional $265,012.35. As in *Stavriotis*, the amount of the first claim did not put the Court and the other creditors on notice of a later claim of such magnitude.

■ The mere fact that the Debtors were aware of the on-going IRS investigations of Five F Plumbing Co., Inc., T.L. Fischer, Inc. and the Debtors as individuals also fails to sufficiently apprise the Debtors, other creditors and this Court that additional claims will be filed against the estate after the bar date. The Bankruptcy Rules provide mechanisms which protect a creditor that has yet to determine the extent to its claim. Such a creditor may either make a notation on its timely filed claim which indicates that the amount of its claim is uncertain or, it may request an extension of time for the filing of any additional claims pursuant to Rule 3003(c)(3). In this case, the IRS failed to take either step. These procedural safeguards not only protect this type of creditor, but also serve to assure the efficient administration of the bankrupt estate. Therefore, this Court rejects the IRS' contention that Claim No. 40 represents an amendment to Claim No. 16, and finds that Claim No. 40 is barred because it is in fact a late-filed proof of claim.

### B. EQUITY MAY PERMIT A LATE-FILED PROOF OF CLAIM

■ Many courts have followed the equitable factor analysis set out in *In re Miss Glamour Coat*, 80–2 U.S.Tax Cas. (CCH) ¶ 9737 (S.D.N.Y.1980), under which they consider the competing equities involved in the case and determine the propriety of permitting a late-filed proof of claim. *See, e.g., In re Stavriotis, supra; In re Pyramid Building*, 87 B.R. 38, 40 (Bankr. N.D.Ohio 1988). The five factors enumerated by the *Glamour Coat* court and recited in the briefs of both parties are listed as follows:

(1) Whether the parties or creditors relied on the IRS' initial claim, or whether they had reason to know that subsequent proofs of claim would follow pending completion of the audit.

(2) Whether other creditors would receive a windfall to which they are not entitled on the merits by the court not allowing this amendment to the IRS' proof of claim.

(3) Whether the IRS intentionally or negligently delayed in filing the amended proof of claim.

(4) The justification, if any, for the failure of the IRS to file for a time extension for the submission of further proofs of claim pending the audit.

(5) Whether or not there are any other considerations which should be taken into account in assuring a just and equitable result.

However, before this equitable power may be exercised the party seeking equity should be without fault as to a late-filed proof of claim. *AM International*, 67 B.R. at 82. Where, as here, the creditors did not receive notice of the claim and relied on its absence, the reason for the late claim tends to determine how the balance will tip. *Id., citing, International Horizons, Inc.*, 751 F.2d 1213, 1218 (11th Cir.1985).

 Here, the IRS offered no excuse for its failure to request an extension. In fact, the IRS asserts that the approximately eighteen month delay between filings was not due to any neglect on its part, but was merely the result of it own internal practices and procedures; it fails to point to any other source for the delay. Instead, the IRS contends that the Debtors knowledge of and participation in the on-going audits supplied adequate notice and effectively precluded the need to request an extension of time from this Court. Finally, the IRS avers that "... no negligence, which presumes some duty to this particular debtor, was present in this matter." Government brief at p. 3. This Court strongly disagrees and finds that the IRS, as a priority creditor in this matter, has an affirmative duty to timely notify the Debtors, its fellow members of the creditor community, and this Court of its claims or their pendency by filing a claim or a request for an extension before the Court-ordered bar date.

 Equity cannot and will not permit a late-filed claim when the creditor seeking relief has failed to submit the proper filing which would notify all others of its intent to amend. As noted above, the IRS had the opportunity to file a request for an extension of time, it did not and, it does not offer a reasonable explanation for its failure to do so. Therefore, the IRS' late-filed proof of claim, administratively designated Claim No. 40, must be disallowed under the equitable factors test enunciated in *Miss Glamour Coat, supra*.

An Order consistent with this Memorandum Opinion will be entered this date.

## ORDER

For the reasons set forth in the Memorandum Opinion filed this date, it is

ORDERED that

(1) Amendment No. 1 to the Proof of Claim dated April 21, 1987 in the amount of $562,445.92, which administratively was designated Claim No. 40, is DISALLOWED;

(2) Claim No. 16 filed by the Internal Revenue Service on April 21, 1987 in the sum of $72,162.03 is ALLOWED; and

(3) a hearing will be held on January 17, 1990 at 2:00 p.m. in U.S. Bankruptcy Courtroom No. 2, 7th Floor, U.S. Court House, 1114 Market Street, St. Louis, Missouri to determine the allowability of the claim arising from Five F Plumbing Co., Inc. listed on Debtors' Schedule A–1 in the amount of $35,000.00 plus.