**In re John R. CHAVIS, Betty E. Chavis, Debtors.**

**Bankruptcy No. 2-91-04020.**

United States Bankruptcy Court, S.D. Ohio, E.D.

July 28, 1993.

Pamela N. Maggied, Columbus, OH, for debtors.

Brenda Dodrill, U.S. Atty., Columbus, OH, for I.R.S.

Frank Pees, Chapter 13 Trustee, Worthington, OH.

### OPINION AND ORDER ON OBJECTION TO CLAIM

BARBARA J. SELLERS, Bankruptcy Judge.

Before the Court is an objection filed by John and Betty Chavis ("Debtors") to a proof of claim filed by the United States of America, Internal Revenue Service ("IRS") and the response of the IRS. The parties agreed that resolution of the objection turns only on legal issues and each party, therefore, briefed the legal issues in the nature of motions for summary judgment.

The Court has jurisdiction in this contested matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) which this bankruptcy judge may hear and determine.

## I. FACTS

The Debtors filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on May 23, 1991. On August 19, 1991 the Court confirmed their plan which included a 100% dividend to holders of unsecured claims. The order and notice issued in this case had informed all creditors that September 24, 1991 was the last day to file timely proofs of claim. It is undisputed that the IRS received this order and notice.

On August 16, 1991 the IRS filed a proof of claim for income taxes owed by the Debtors for the years 1989 and 1990 ("1991 Claim"). That claim asserted a priority unsecured status in the amount of $7,662.63. On August 7, 1992, the IRS filed a "supplemental" claim ("1992 Claim") which included the previously filed amounts and added income tax liability for the years 1988 and 1991. The IRS sought priority unsecured status for an additional $2,940 for the tax year 1988. Because the 1991 liability would not be discharged, Debtors are not disputing that portion of the 1992 Claim.

## II. THE POSITIONS OF THE PARTIES

The Debtors object to the 1992 Claim filed by the IRS on the ground that it is untimely. The 1992 Claim was filed after the claims bar date and does not amend the previously filed 1991 Claim, according to the Debtors. The Debtors rely on certain case law which examines the second claim to determine if it is of the "same nature" as the original filed claim and, thus, merely an amendment of the original claim. The Debtors contend that the 1992 Claim of the IRS is not of the "same nature" as the 1991 Claim and should not be characterized as an amendment. If the 1992 Claim of the IRS is viewed as a new claim rather than an amendment to the 1991 Claim, the Debtors conclude that it was untimely, and, therefore, should be disallowed.

The IRS disagrees with the Debtors' characterization of the 1992 Claim. Because both claims relate to income tax liability, the IRS concludes that the 1992 Claim merely amends the 1991 Claim by adding an additional year. Alternatively, if the 1992 Claim is not viewed as an amendment, the IRS argues that the untimeliness of that claim is not grounds for disallowance.

## III. ISSUES BEFORE THE COURT

The Court must decide two distinct issues: whether the 1992 Claim is a permissible amendment of the 1991 Claim and if it is not, whether the untimely nature of the 1992 Claim is grounds for disallowance of that claim.

## IV. DISCUSSION AND CONCLUSIONS

### A. Amendments to Claims

Courts consistently distinguish between an amendment of a timely filed claim and the filing of a new claim. *In re Rains,* 139 B.R. 158 (Bankr.D.Md.1992). Amendments to claims should be freely permitted absent "contrary equitable" concerns. *U.S. v. Owens,* 84 B.R. 361, 363 (E.D.Pa.1988). "Amendments" filed after the claims bar date, however, should be "scrutinized closely to ensure that the amendment is genuine rather than the assertion of an entirely new claim" *Owens,* 84 B.R. at 363, *quoting, In re AM International, Inc.,* 67 B.R. 79, 81 (N.D.Ill.1986).

One court characterized the purpose of amendments to claims as follows: to "correct defects of form ... supply greater particularity on the allegations of fact from which the claim arises." *In re Kulick,* 85 B.R. 680, 681 (E.D.N.Y.1988), *quoting, In re G.L. Miller & Co.* 45 F.2d 115 (2d Cir.1930). Equally important is that the amendment be based upon facts and relate to timely claims for which the debtor or trustee already has notice. *Kulick,* 85 B.R. at 681. Amendments should be permitted "when the original claim provides notice of the existence, nature and amount of the claim." *In re Eagle–Picher Industries* Case No. 1–91–00100 (Bankr.S.D.Ohio, March 24, 1993).

The IRS relies upon a test which focuses on equitable considerations in permitting an otherwise untimely claim to be construed as an amendment. *See In re Miss Glamour Coat Co., Inc.,* 46 A.F.T.R.2d (P–H) 6083 (S.D.N.Y.1980). The Court agrees with the IRS that these factors are relevant.

However, they are not the primary focus of the analysis. Rather, the focus must be on the nature of the amendment and its relation to the originally filed claim. *See, Rains,* 139 B.R. 158 and *Kulick,* 85 B.R. 680.

■ The 1992 Claim filed by the IRS cannot properly be characterized as an amendment of the 1991 Claim. The 1992 Claim attempts to include new tax liability beyond that asserted by the 1991 Claim. Even though the type of liability (income tax) is the same for each claim, the nature of the liability is different. The 1991 Claim focuses on the Debtors' tax liability for the years 1989 and 1990. The 1992 Claim attempts to add prepetition tax liability for the tax year 1988. This Court agrees with the reasoning of courts which have held that subsequent untimely filed claims which include new and different time periods from the original timely filed claim are not amendments, but rather, newly asserted claims. *Rains,* 139 B.R. at 160; *Owens,* 84 B.R. at 363 and *Kulick,* 85 B.R. at 682. This is especially true when the new period of liability predates the period for which the timely claim was filed. As stated by one court, such supplemental claims are best characterized as "new, different, separate and distinct". *U.S. v. Baker (In re Baker),* 129 B.R. 607, 608 (E.D.Mo.1991).

■ This conclusion is further supported by the purpose of permitting amendments to claims. Amendments are proper to correct procedural defects in the original claim; provide greater detail to support the claim or other reasons which directly relate to the original claim. *Kulick,* 85 B.R. at 681. Here, the IRS was not attempting to clarify the 1991 Claim with the 1992 Claim. Instead, it sought to add a new tax liability for 1988. Thus, the 1992 Claim is best characterized as a new claim and not an amendment to the 1991 Claim.

The same result obtains even with consideration of the equitable factors upon which the IRS relies. The IRS has not demonstrated or even asserted that at the time it filed the 1991 Claim or any time before the claims bar date of September 24, 1991, it was incapable of calculating these Debtors' 1988 tax liability. Additionally, the 1991 Claim filed by the IRS failed to put other parties on notice that additional tax liability for 1988 was foreseeable. Lastly, under Fed. R.Bankr.P. 3002(c)(1), the IRS could have sought an extension of the claims bar date, but did not.

Balancing all factors, the Court finds that the 1992 Claim filed by the IRS is not an amendment of the 1991 Claim, but rather is the assertion of a new distinct claim.

### B. *Untimeliness as a Grounds for Disallowance*

■ Pursuant to Fed.R.Bankr.P. 3002(c), the claims bar date in this Chapter 13 case was established as September 24, 1991. The IRS does not argue that it failed to receive advance notice of this deadline. Further, the Court's file reflects that the IRS was listed as a creditor and received notice of the claims bar date. These facts distinguish this case from those in *U.S. v. Cardinal Mine Supply, Inc.,* 916 F.2d 1087 (6th Cir.1990) and *Internal Revenue Service v. Century Boat Company, (In re Century Boat Company),* 986 F.2d 154 (6th Cir.1993). Additionally, the IRS has not alleged any excusable neglect which, under appropriate circumstances, may be grounds for permitting a tardily filed claim. See *Pioneer Investment Services v. Brunswick Associates Limited Partnership,* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

The IRS argues that under a reading of the applicable Bankruptcy Code sections and accompanying rules, untimely filing of a claim is not grounds for disallowance. The IRS relies on an *en banc* decision from the bankruptcy court in Minnesota which essentially concludes that Congress did not intend to include tardiness as a grounds for disallowance of claims. *In re Hausladen,* 146 B.R. 557 (Bankr.D.Mn.1992).

The court in *Hausladen* reasoned that 11 U.S.C. § 502 provides the only grounds for disallowance of claims. Because untimeliness is not among the enumerated grounds, a claim should not be disallowed on that basis. *Hausladen,* 146 B.R. at 559–560. The court further reasoned that the time deadlines established in Fed.R.Bankr.P. 3002(c) merely affect the treatment of a tardily filed claim

and not its allowability. *Hausladen,* 146 B.R. at 560. *Hausladen* holds that a Chapter 13 plan may treat late-filed claims differently from timely filed ones, but that a late-filed claim should not be disallowed merely because it was filed outside the time established in Fed.R.Bankr.P. 3002(c). 146 B.R. 560–561. Several other courts have followed the reasoning in *Hausladen* and have reached similar conclusions. *See, In re Rago,* 149 B.R. 882, 885 (Bankr.N.D.Ill.1992); *Lastra v. Blood Services Program of the American Red Cross (In re Corporacion de Servicios Medico–Hospitalarios de Fajardo, Inc.)* 149 B.R. 746, 750 (Bankr.D.Puerto Rico 1993); and *General Motors Acceptance Corporation v. Judkins, (In re Judkins),* 151 B.R. 553, 555–556 (Bankr.D.Col.1993).

Directly contrary to the result reached in *Hausladen* is a decision rendered *en banc* by a Michigan bankruptcy court. *In re Zimmerman,* 156 B.R. 192 (Bankr.W.D.Mich. 1993). The *Zimmerman* court analyzed at length the reasoning and conclusions reached by the court in *Hausladen.* The *Zimmerman* court concluded that:

> The relationship between § 502 and FED.R.BANKR.P. 3002 evidences this substantive/procedural balancing. The enumerated grounds for denying allowance of a claim under § 502(b) are addressed to what has typically been considered substantive matters. By contrast, FED.R.BANKR.P. 3002 concerns itself with the procedure which must be followed in filing a claim. It is concerned with the time and place of filing but is silent as to the substantive aspects of the claim. This complementary interpretation of § 502 and FED.R.BANKR.P. 3002 is mandated by the presumption that the drafters of the rules did not intend to nor did they make substantive law when FED.R.BANKR.P. 3002 was enacted.

156 B.R. at 197.

In other words, to analyze the allowability of a claim, a court should engage in a two-step process: First, the Court should determine whether the claim is properly filed under 11 U.S.C. § 501 and Fed.R.Bankr.P. 3002(c) and, second, whether there is a substantive ground for disallowance under 11 U.S.C. § 502(b). *Zimmerman,* 156 B.R. at 199. Even if the claim is meritorious, it may, under appropriate circumstances, not attain the status of "allowed" because it is procedurally defective. This result is similar to that of a default judgment rendered pursuant to Fed.R.Civ.P. 54. Even if a party has a meritorious defense, judgment may be rendered against that party if he has "failed to plead or otherwise defend." Although this rule most certainly affects substantive rights, the judgment rendered is "procedurally mandated." *Zimmerman,* 156 B.R. at 196.

The court in *Zimmerman* also recognized important policy considerations in reaching its decision. Claims bar dates are a necessary and integral part of a Chapter 13 case. Such dates provide the debtor and creditors with finality. *Zimmerman,* 156 B.R. at 199, quoting *In re Johnson,* 84 B.R. 492, 494 (Bankr.N.D.Ohio 1988).

This Court agrees with, and adopts, the reasoning and conclusions reached by the court in *Zimmerman. See also In re Johnson,* 156 B.R. 557 (Bankr.N.D.Ill.1993) (wherein the court also declined to follow the holding of *Hausladen,* 146 B.R. 557.) Fed.R.Bankr.P. 3002(c) establishes a bar date for filing certain proofs of claim in chapter 7 and chapter 13 cases. That deadline would be rendered meaningless if untimeliness were not a grounds for disallowance. Fed.R.Bankr.P. 3002(a) makes clear that filing a proof of claim in the manner required by the rule is a necessary precondition to allowance. Section 2075 of 28 U.S.C. grants the Supreme Court the power to prescribe such rules. This Court sees no reason to challenge the congressionally-granted rulemaking power with regard to matters such as time, which Fed.R.Bankr.P. 3002(c) provides. Such a holding would undermine many years of precedent and common sense.

This conclusion is further supported by the recent United States Supreme Court decision in *Pioneer Investment,* —— U.S. at ——, 113 S.Ct. 1489. In *Pioneer,* the Court detailed the circumstances when an untimely claim may, nevertheless, be allowed due to "excusable neglect" of the claimant or his attorney. The analysis utilized by the Court presupposes that a finding of "excusable neglect" is

necessary to allow an otherwise untimely claim. Said differently, if tardiness is not a procedural ground for disallowance, there would have been no need for the Court's analysis in *Pioneer Investment.*

The IRS does not allege any cognizable neglect which would permit the untimeliness of its 1992 Claim to be excused. Accordingly, the Court finds that the claim filed by the IRS for 1988 income taxes was untimely filed and the Debtors' objection on that ground is **SUSTAINED.**

### V. *CONCLUSION*

Based upon the foregoing, the Court finds that the 1992 Claim filed by the IRS is not properly characterized as an amendment of its 1991 Claim. Further, the Court finds that the IRS 1992 Claim is untimely and no cause exists to excuse its tardiness. Accordingly, the Court **SUSTAINS** the Debtor's objection to the 1992 Claim filed by the IRS to the extent of the 1988 tax liability.

**IT IS SO ORDERED.**