In re John R. CHAVIS and Betty E. Chavis, Debtors.

UNITED STATES of America, INTERNAL REVENUE SERVICE, Plaintiff–Appellant,

v.

John R. CHAVIS and Betty E. Chavis, Defendants–Appellees.

No. 94–3083.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 23, 1995.

Decided Feb. 23, 1995.

Gary D. Gray, Randolph L. Hutter (argued), Gary R. Allen, Acting Chief (briefed), U.S. Dept. of Justice, Appellate Section, Tax Div., Washington, DC, for plaintiff-appellant.

Pamela Nan Maggied (argued and briefed), Columbus, OH, for defendants-appellees.

Before: JONES, CONTIE, and MILBURN, Circuit Judges.

CONTIE, Circuit Judge.

Chapter 13 debtors objected to an untimely proof of claim filed by the Internal Revenue Service ("IRS"). The bankruptcy and district courts disallowed the IRS's untimely claim. We affirm.

## I.

Defendants-appellees John R. and Betty E. Chavis (the "debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on May 23, 1991. Plaintiff-appellant IRS received notice of the filing.

The meeting of creditors was held on June 26, 1991. On August 16, 1991, the IRS filed its initial proof of claim listing unsecured priority income taxes due from the debtors for the 1989 and 1990 tax years totaling $7,662.63. The debtors do not contest the validity of this initial claim.

On August 19, 1991, the bankruptcy court confirmed the debtors' plan.[1] The bankruptcy court's order confirming the plan set September 24, 1991, as the last day for creditors to file timely proofs of claim.[2] The IRS received notice of the September 24 deadline.

On August 7, 1992, the IRS filed an "amendment" to its original proof of claim. The "amendment" included the previously filed amounts for 1989 and 1990, and listed income tax liabilities for the debtors' 1988 and 1991 tax years.[3] The IRS sought priority unsecured status for the debtors' 1988 tax year liability ($2,940) and the 1991 tax year liability ($1,498). The debtors objected to the 1988 tax year liability because the IRS filed its claim eleven months after the September 24, 1991 deadline had passed.[4] In response, the IRS asserted that untimely claims are not barred by the Bankruptcy Code.

The bankruptcy court sustained the debtors' objection and disallowed the IRS's 1988 tax liability claim. Specifically, the bankruptcy court found that Bankruptcy Rule 3002(c) "establishes a bar date for filing certain proofs of claim in chapter 7 and chapter 13 cases," Bankruptcy Court's Opinion and Order on Objection to Claim, 160 B.R. 804, 806, and noted that the IRS's "amended" claim was untimely because it was filed after September 24, 1991:

Balancing all factors, the Court finds that the 1992 Claim filed by the IRS is not an

---

1. The debtors' plan provided that holders of unsecured claims would be fully repaid.

2. The notice stated (in relevant part): "Claims which are not filed on or before September 24, 1991 will not be allowed, except as otherwise provided by law." Joint Appendix at 79.

3. The IRS did not request an extension of time to file a late claim as permitted by Fed.R.Bankr.P. 3002(c)(1).

4. Because the 1991 tax liability was not due until 1992, the 1991 tax liability is a non-dischargeable post-petition debt (pursuant to 11 U.S.C. §§ 1305(a)(1) and 1328(a)) and is not at issue.

820

amendment of the 1991 Claim, but rather is the assertion of a new distinct claim.

. . . .

The IRS argues that under a reading of the applicable Bankruptcy Code sections and accompanying rules, untimely filing of a claim is not grounds for disallowance. The IRS relies on [*In re Hausladen*, 146 B.R. 557 (1992)], an *en banc* decision from the bankruptcy court in Minnesota which essentially concludes that Congress did not intend to include tardiness as a grounds for disallowance of claims.

The court in *Hausladen* reasoned that 11 U.S.C. § 502 provides the only grounds for disallowance of claims. Because untimeliness is not among the enumerated grounds, a claim should not be disallowed on that basis. The court further reasoned that the time deadlines established in Fed. R.Bankr.P. 3002(c) merely affect the treatment of a tardily filed claim and not its allowability. *Hausladen* holds that a Chapter 13 plan may treat late-filed claims differently from timely filed ones, but that a late-filed claim should not be disallowed merely because it was filed outside the time established in Fed.R.Bankr.P. 3002(c). Several other courts have followed the reasoning in *Hausladen* and have reached similar conclusions.

Directly contrary to the result reached in *Hausladen* is a decision rendered *en banc* by a Michigan bankruptcy court[,] *In re Zimmerman.* . . .

[T]o analyze the allowability of a claim, a court should engage in a two-step process: First, the Court should determine whether the claim is properly filed under 11 U.S.C. § 501 and Fed.R.Bankr.P. 3002(c) and, second, whether there is a substantive ground for disallowance under 11 U.S.C. § 502(b). . . .

The court in *Zimmerman* also recognized important policy considerations in reaching its decision. Claims bar dates are a necessary and integral part of a Chapter 13 case. Such dates provide the debtor and creditors with finality.

This Court agrees with, and adopts, the reasoning and conclusions reached by the court in *Zimmerman.* Fed.R.Bankr.P.

3002(c) establishes a bar date for filing certain proofs of claim in chapter 7 and chapter 13 cases. That deadline would be rendered meaningless if untimeliness were not a grounds for disallowance. Fed. R.Bankr.P. 3002(a) makes clear that filing a proof of claim in the manner required by the rule is a necessary precondition to allowance. . . . This Court sees no reason to challenge the congressionally-granted rulemaking power with regard to matters such as time, which Fed.R.Bankr.P. 3002(c) provides. Such a holding would undermine many years of precedent and common sense.

This conclusion is further supported by the recent United States Supreme Court decision in *Pioneer Investment.* In *Pioneer,* the Court detailed the circumstances when an untimely claim may, nevertheless, be allowed due to "excusable neglect" of the claimant or his attorney. The analysis utilized by the Court presupposes that a finding of "excusable neglect" is necessary to allow an otherwise untimely claim. Said differently, if tardiness is not a procedural ground for disallowance, there would have been no need for the Court's analysis in *Pioneer Investment.*

The IRS does not allege any cognizable neglect which would permit the untimeliness of its 1992 Claim to be excused. Accordingly, the Court finds that the claim filed by the IRS for 1988 income taxes was untimely filed and the Debtors' objection on that ground is SUSTAINED.

Bankruptcy Court's Opinion and Order on Objection to Claim at 5–9 (citations omitted).

The IRS appealed. On November 17, 1993, the district court affirmed the bankruptcy court:

The Internal Revenue Service (IRS) appeals the bankruptcy court's opinion and order of July 28, 1993, in which the bankruptcy court sustained the debtors' objection to the IRS's claim filed in 1992 to the extent of debtors' 1988 tax liability. The bankruptcy court found that the IRS's 1992 claim was not an amendment of its 1991 claim, and that there was no cause to excuse the untimeliness of the 1992 claim.

For the reasons stated in the bankruptcy court's well-reasoned opinion and order of July 28, 1993, the judgment of the bankruptcy court is AFFIRMED.

District Court's November 17, 1993 Order.

The IRS timely appealed.[5]

## II.

### Standard of Review

" '[I]n appeals from the decision of a district court on appeal from the bankruptcy court, the court of appeals independently reviews the bankruptcy court's decision, applying the clearly erroneous standard to findings of fact and *de novo* review to conclusions of law.' " *In re Century Boat Co.*, 986 F.2d 154, 156 (6th Cir.1993) (citations omitted) (brackets in original).

### The 1988 Income Tax Liability

■ The bankruptcy court invoked Federal Rule of Bankruptcy Procedure 3002 to disallow the IRS's 1992 claim because the IRS filed its proof of claim after the "bar date" had passed. Pursuant to Rule 3002, an unsecured creditor must file a proof of claim or interest within 90 days after the first date set for the meeting of creditors in a Chapter 13 debt adjustment action. Thereafter, the Bankruptcy Code establishes which claims receive priority distribution. The IRS's claim for unpaid federal taxes is generally entitled to priority pursuant to 11 U.S.C. § 507(a)(7).

On appeal, the IRS argues that:

[T]he bankruptcy and district courts erred in aligning themselves with those courts that have given controlling weight to Rule 3002. Rule 3002 is invalid to the extent it directs that late-filed claims will be disallowed, because it contradicts the language and structure of the Bankruptcy Code itself. In enacting the current Bankruptcy Code, Congress did away with the practice under the former Bankruptcy Act of disallowing claims on the ground of untimely filing and substituted a scheme under

which timeliness is a basis for classification, but not disallowance.

Appellant's Brief at 11.

■ The filing and allowance of claims is governed by provisions of Chapter 5 of the Bankruptcy Code applicable to all actions filed under Chapters 7, 11, 12 and 13. 11 U.S.C. § 103(a). Specifically, section 502(a) of the Code provides: "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects."

Though 11 U.S.C. § 502(b) does not expressly disallow untimely claims, the disallowance of untimely claims is the product of the Federal Rules of Bankruptcy Procedure, not the Bankruptcy Code. Specifically, Rule 3002 implements 11 U.S.C. § 501 and provides that a proof of claim "shall be filed" within 90 days after the first date set for the meeting of creditors "to be allowed" in a Chapter 13 debt adjustment action.

The United States asserts that Rule 3002 simply separates claims into two groups: timely filed claims and tardily filed claims. The debtors maintain that the IRS's untimely claim is "barred" by Rule 3002. Unfortunately, there is tremendous disparity among the courts that have addressed this issue. The decisions that support a strict bar date include: *United States v. Clark*, 166 B.R. 446 (D. Utah 1993); *In re Jones*, 164 B.R. 543 (Bankr.N.D.Tex.1994); *Matter of Andrew*, 162 B.R. 46 (Bankr.M.D.Ga.1993); *In re Leightner*, 161 B.R. 60 (Bankr.D.Or.1993); *Matter of Keck*, 160 B.R. 112 (Bankr. N.D.Ind.1993); *In re Stoiber*, 160 B.R. 307 (Bankr.N.D. Ohio 1993); *In re Messics*, 159 B.R. 803 (Bankr.N.D. Ohio 1993); *In re Crooker*, 159 B.R. 790 (Bankr.E.D.Ky.1993); *In re Zimmerman*, 156 B.R. 192 (Bankr. W.D.Mich.1993) (*en banc*); and, *In re Bailey*, 151 B.R. 28 (Bankr.N.D.N.Y.1993). Courts finding that Rule 3002 does not impose a strict bar date include: *Matter of Osman*, 164 B.R. 709 (Bankr.S.D.Ga.1993); *In re Babbin*, 164 B.R. 157 (Bankr.D.Colo. 1994); *In re Sullins*, 161 B.R. 957 (Bankr. M.D.Tenn.1993); *Matter of Brenner*, 160 B.R. 302 (Bankr.E.D.Mich.1993); *In re Jud-*

---

5. The IRS does not appeal the bankruptcy court's determination that the "amended" proof of claim was actually a new claim with respect to the 1988 income tax liability.

*kins,* 151 B.R. 553 (Bankr.D.Colo.1993); and, *In re Rago,* 149 B.R. 882 (Bankr.N.D.Ill. 1992).

On April 5, 1994, the Second Circuit decided *In re Vecchio,* 20 F.3d 555 (2d Cir.1994). In *Vecchio,* the Second Circuit held that priority claims in Chapter 7 proceedings need not be timely filed to be allowed, and that the Bankruptcy Rules cannot stand to the extent that they conflict with the Bankruptcy Code:

> Section 726(a)(1) accords priority status to claims specified in § 507 without regard to the timeliness of their filing. In sharp contrast, subsections (a)(2) and (a)(3) of § 726 categorize non-priority unsecured claims into those that are timely filed, those that are tardily filed where the creditor did not have proper notice of the bankruptcy, and those that are tardily filed where the creditor received proper notice of the bankruptcy. Thus, Congress plainly knew how to distinguish between timely and tardily filed claims, yet did not make that distinction for claims filed under § 507. The absence of a timeliness distinction in § 726(a)(1) strongly suggests that this subsection encompasses all priority claims whenever filed.
>
> . . . .
>
> . . . The trustee's argument also ignores the fact that in § 502 of the Bankruptcy Code, the section expressly governing the disallowance of claims, eight specified grounds for disallowance are set forth and untimeliness is not among them. Moreover, § 501 of the Bankruptcy Code addresses the conditions for the filing of proofs of claim without imposing a timeliness requirement.
>
> Therefore, to the extent Rule 3002 suggests that a late filed claim must be disallowed, it is inconsistent with the text of §§ 726, 502, and 501 . . . . [B]ecause it now contravenes § 726(a) and other Code provisions, a rule of procedure that disallows claims for untimeliness cannot stand.
>
> . . . .
>
> We accept . . . that our straightforward reading of § 726(a) results in no penalty for priority creditors who, with notice of the bankruptcy, fail to file their claims within prescribed deadlines. To be sure,

the logic of our reading of § 726(a) leads to the conclusion that first priority payment could be accorded even to claims filed after the distribution of the estate's assets. However, we believe that bankruptcy courts can adequately address these concerns through the careful exercise of their discretion over the entry of disgorgement orders. . . . In addition, bankruptcy courts have authority to subordinate a late filed priority claim under principles of equitable subordination.

> . . . .
>
> . . . Congress, of course, may wish to consider whether late filing of all or some priority claims in bankruptcy should be penalized. Such legislation, however, is not part of the judicial function. . . .

20 F.3d at 557–60 (citations omitted).

On August 18, 1994, the Ninth Circuit decided *In re Pacific Atlantic Trading Co.,* 33 F.3d 1064 (9th Cir.1994). In *Pacific Atlantic Trading,* the Ninth Circuit held that a priority tax claim against a Chapter 7 debtor is not barred despite its untimeliness because conflicts between the Bankruptcy Code and the Bankruptcy Rules must be settled in favor of the Code:

> Whether a claim is "allowed" depends on compliance with sections 501 and 502. . . . Section 502(b) "disallows" seven categories of claims, none of which include tardy claims.
>
> Rule 3002 purportedly implements section 501. Rule 3002(a) provides that an unsecured creditor "must file a proof of claim . . . in accordance with this rule for the claim or interest to be allowed. . . ." Rule 3002(c) establishes time limits for filing a proof of claim. The IRS admits it failed to comply with the time limit set forth in Rule 3002(c).
>
> . . . .
>
> Title 28 U.S.C. § 2075, which implements the Bankruptcy Rules, provides that "[s]uch rules shall not abridge, enlarge or modify any substantive right." As a result, any conflict between the Bankruptcy Code and the Bankruptcy Rules must be settled in favor of the Code. Thus, if the IRS's claim is "allowed" according to the Code, Rule 3002(c) cannot "disallow" it.

We conclude that the plain language of sections 501 and 502 demonstrates that the Code "allows" this claim regardless of when proof of the claim is filed. Section 502's use of conclusory language in stating a claim "is deemed allowed" if filed in accordance with section 501 requires us to conclude that a claim is allowed as long as the requirements of section 501 are met. Section 501 only provides that a claim "may be filed" and imposes no time limit or other qualification on the filing of a claim. We disagree with the district court's conclusion that section 501 incorporates Rule 3002(c). While Rule 3002(c) mandates a claim be filed within 90 days, section 501 imposes no such requirement. Thus, to construe section 501 as incorporating Rule 3002(c) would create a result at odds with the plain language of the Code.

An examination of section 502(b) further supports our conclusion that this claim should be allowed under the Code regardless of when it is filed. That section enumerates categories of claims which are disallowed. None of the categories refer to tardy claims. Section 502(b)'s omission of tardy claims from its recitation of disallowed claims suggests that Congress did not intend for the time in which claims are filed to affect its status as "allowed" or "disallowed."

. . . .

Rule 3002(c)'s time limits simply demark whether a claim is timely or late for purposes of distribution under section 726. Rule 3002(c) does not disallow a late claim. It simply divides claims into two categories: timely and late.

33 F.3d at 1066–67 (citations omitted). *See generally United States v. Cardinal Mine Supply, Inc.,* 916 F.2d 1087, 1091 (6th Cir. 1990) ("There are valid reasons for permitting all tardily filed priority claims to be paid whether or not the creditor had notice."). *But see In re Century Boat Co.,* 986 F.2d 154, 158 (6th Cir.1993) ("Generally, every creditor will adhere to the timing requirements established in Bankruptcy Rule 3002. *Cardinal Mine Supply* established a narrow

exception for priority creditors who lack notice of the bankruptcy.").

Though this action is controlled by the Bankruptcy Code in effect prior to the 1994 amendments, *see* Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, § 702(a) and (b), 108 Stat. 4106 (1994), the 1994 amendments add subsection (9) to the enumerated grounds for disallowance of claims contained in 11 U.S.C. § 502(b):

> [A claim shall be disallowed where] proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide.

Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, § 213, 108 Stat. 4106 (1994). Though this provision does not govern this action (because it is not retroactive), the amendment reveals Congress' intent to demand that claims be timely filed.

Notwithstanding the Second and Ninth Circuits' decisions (in *Vecchio* and *Pacific Atlantic Trading,* respectively), we believe that the Bankruptcy Code and Rules can be harmonized: § 501 creates the substantive right to file a claim and identifies the parties holding that right; § 502 states that a claim, filed in accordance with § 501, is allowed unless a party in interest objects; § 501 contemplates a timeliness requirement;[6] Rule 3002 designates when a claim is timely filed (*i.e.,* § 501 incorporates Rule 3002); and, because § 501 incorporates Rule 3002, and because § 502 presupposes compliance with § 501, compliance with Rule 3002 (*i.e.,* timeliness) is a prerequisite to § 502 allowance. The Bankruptcy Code's legislative history supports this result. Indeed, Congress anticipated that the Rules of Bankruptcy Procedure would set the time limits, the form, and the procedure for filing claims.

 Moreover, there are fundamental differences between Chapter 7 and Chapter 13 bankruptcies that effectively limit the Second and Ninth Circuit decisions (in *Vecchio*

---

6. Section 501(b) and (c) refer to creditors that do not "timely file a proof of such creditor's claim."

and *Pacific Atlantic Trading*) to Chapter 7 actions. In a Chapter 7 action, the debtor's non-exempt assets are liquidated and the proceeds are distributed to the creditors. Accordingly, even late-filed claims must be paid before any distribution to the debtor may be made.[7] In a Chapter 13 action, the debtor retains the assets in exchange for an agreement to make periodic payments to the creditors. The payments to the creditors must equal or exceed the amount that the creditors would receive under Chapter 7. *See* 11 U.S.C. § 1325(a)(4). If late-filed claims are not barred in Chapter 13 actions, it would not be possible to determine, with finality, whether a Chapter 13 plan satisfies this standard. Moreover, because Chapter 13 serves as a flexible vehicle for the repayment of allowed claims, all unsecured creditors seeking payment under a Chapter 13 plan must file their claims on a timely basis so that the efficacy of the plan may be determined in light of the debtor's assets, debts and foreseeable earnings.

Because § 213 of the Bankruptcy Reform Act of 1994 reveals that Congress now expects unsecured creditors' claims to be timely filed, the bankruptcy court's reliance on Rule 3002 (prior to the Bankruptcy Reform Act's effective date) was proper.

Accordingly, we AFFIRM.