DUHÉ, Circuit Judge,
concurring in the judgment:
The majority invalidates the claims bar date of Bankruptcy Rule 3002 and with that I respectfully disagree. Although the majority suggests otherwise, its invalidation of the bar date in a Chapter 13 case creates a circuit split.[1] The majority rejects the bar date because Section 726(a) allows the payment of a claim even if proof of it is tardily filed. But § 726 does not apply to a case under Chapter 13. See 11 U.S.C. § 103(b) (1988). Rather, I would uphold the bar date in this Chapter 13 case and bar the IRS’s tardily filed proof of claim, thereby affirming the district court. Because the majority ultimately concludes, however, that the IRS receives nothing on its claim, I concur in the judgment.
We should not invalidate a procedural rule like Bankruptcy Rule 3002 absent a strong justification. The Supreme Court has instructed us to presume the validity of procedural rules. See Hanna v. Plumer, 380 U.S. 460, 471, 85 S.Ct. 1136, 1144, 14 L.Ed.2d 8 (1965). Procedural rules should reflect congressional intent because Congress acquiesces in their approval. Id.; Sibbach v. Wilson & Co., 312 U.S. 1, 14-15, 61 S.Ct. 422, 426-27, 85 L.Ed. 479 (1941). The rigorous adoption process for procedural rules creates a strong presumption that the rules properly reflect the balance between substantive and procedural law. See Hanna, 380 U.S. at 471, 85 S.Ct. at 1144; Sibbach, 312 U.S. at 14, 61 S.Ct. at 426-27. Consequently, we should invalidate a Bankruptcy Rule only if it is plainly inconsistent with the Bankruptcy Code or if it transgresses the Constitution. See Hanna, 380 U.S. at 471, 85 S.Ct. at 1144; Cisneros v. United States (In re Cisneros), 994 F.2d 1462, 1465 (9th Cir.1993); cf. FDIC v. Hirsch (In re Colonial Realty Co.), 980 F.2d 125, 132 (2d Cir.1992) (harmonizing two statutes with arguably inconsistent requirements when possible).
The majority impliedly concedes that Bankruptcy Rule 3002 is not inconsistent with 11 U.S.C. §§ 501-502 (1988) (amended 1994). Both Sections are silent as to a bar date or the ability of a creditor to file an untimely claim.[2] Section 501, however, con *1313 templates a procedural requirement of timely filing by expressly referring to untimely claims. The legislative history of § 501 further supports the existence of a timeliness requirement.[3] Section 501, therefore, incorporates Bankruptcy Rule 3002 so that timeliness is a prerequisite to allowance of a claim under § 502. Chavis, 47 F.3d at 823; In re Tucker, 174 B.R. 732, 739 (Bankr.N.D.Ill.1994); Gullatt v. United States (In re Gullatt), 169 B.R. 385, 387 (M.D.Tenn.1994); In re Zimmerman, 156 B.R. 192, 195-96 (Bankr.W.D.Mich.1993) (en banc); see also 8 Collier on Bankruptcy ¶ 3002.02[1], at 3002-4 (Lawrence P. King ed., 15th ed. 1995) (noting that Rule 3002 complements Sections 501 and 502).
The Second Circuit, in addition to the majority, relied on Section 726 rather than Sections 501 or 502 to invalidate Rule 3002. See Vecchio, 20 F.3d at 557-58. Unlike the majority or the Second Circuit, the Ninth Circuit invalidated the bar date based on its absence from §§ 501 and 502. See Pacific Atl. Trading, 33 F.3d at 1067. Noting that untimeliness was not listed in § 502(b) as a reason for disallowing a claim, the Ninth Circuit considered the bar date’s absence telling because § 57n of the Bankruptcy Act had barred untimely proofs of claims. Id. at 1066-67. The Ninth Circuit’s reasoning is faulty, however, because untimeliness is a procedural bar that Congress properly omitted from the substantive exceptions of § 502(b). Further, we do not accept arguments that would effect a major change in the bankruptcy laws from pre-Code practice without some signal from Congress. Dewsnup v. Timm, 502 U.S. 410, 419, 112 S.Ct. 773, 779, 116 L.Ed.2d 903 (1992); see also Keene Corp. v. United States, — U.S. -, -, 113 S.Ct. 2035, 2041, 124 L.Ed.2d 118 (1993) (requiring a change in the underlying substantive law to be clearly expressed).
The panel majority relies instead on § 726 to invalidate Rule 3002. This is a Chapter 13 case, however, not a Chapter 7 case. Subtitle II of Chapter 7, which includes § 726, applies only to Chapter 7 cases. 11 U.S.C. § 103(b); see In re Stuart, 31 B.R. 18, 20 (Bankr.D.Conn.1983) (refusing to apply § 726(a)(3) to Chapter 13). It is quite clear that § 726 does not apply to Chapter 13.
The requirement that a Chapter 13 plan of reorganization provide creditors with at least what they would receive in Chapter 7 does not obliterate § 103(b).[4] Section 1325(a)(4) is a Chapter 13 provision. It instructs a bankruptcy judge to gauge the Chapter 13 plan against what a creditor would receive in Chapter 7. Section 1325(a)(4) refers generally to Chapter 7, but makes no express reference to § 726. It makes little sense to subvert § 103(b) by using the general reference in § 1325 to incorporate the specific language of § 726 into Chapter 13.
The majority invalidates the bar date totally rather than distinguish between Chapters 7 and 13. But solid reasons exist for drawing this distinction. In a Chapter 13 case, the debtor maintains his assets, and a plan governs its payments to creditors. Finality is vital so that a court can determine whether the plan satisfies the Chapter 7 baseline requirement. Chaxis, 47 F.3d at 824; Tucker, 174 B.R. at 743. Further, the court must be aware of all claims so that it can determine whether the debtor will able to make all the payments required by the plan. Chavis, 47 F.3d at 824; Zimmerman, 156 B.R. at 199; see 11 U.S.C. § 1325(a)(6) (1988).
In contrast, Chapter 7 takes the debtor’s nonexempt assets and divides them among the creditors in accordance with § 726. If *1314 any assets are left over, § 726(a)(6) returns them to the debtor. It would be inequitable for a debtor to obtain assets from a liquidation over a creditor who files a tardy proof of claim. Tucker, 174 B.R. at 742. Consequently, § 726(a)(2)(C) and (a)(3) are two equitable exceptions to the bar date; they allow creditors who file tardy proofs of claims to step in line ahead of the debtor. Id.; see Chavis, 47 F.3d at 824.
Despite the valid justifications for applying the bar date in Chapter 13 but not in Chapter 7, the majority refuses to draw an “extra-textual” distinction. Ante at 107 n. 6. But the majority sees the distinction from the wrong side of the fence. I am not suggesting that we apply Chapter 5’s provisions inconsistently; rather, the specific provisions of Chapter 7 modify the general provisions of Chapter 5 in Chapter 7 cases. See Nobelman v. American Sav. Bank (In re Nobelman), 968 F.2d 483, 488 (5th Cir.1992) (applying specific language of Chapter 13 over general language of Chapter 5 in Chapter 13 case), aff'd, — U.S. -, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993). Therefore, Rule 3002’s bar date applies except when modified by the specific language of Chapter 7.
In sum, I do not agree that Section 726 invalidates the bar date in Chapter 13. “[B]ar dates establish the universe of participants in the debtor’s case_” In re Kolstad, 928 F.2d 171, 174 (5th Cir.), cert. denied, 502 U.S. 958, 112 S.Ct. 419, 116 L.Ed.2d 439 (1991). They promote a policy of administrative efficiency and practicality that would be upset if they were not enforced. Tucker, 174 B.R. at 743. The vast majority of courts considering whether to apply the bar date in a Chapter 13 case have applied the bar date. See id. at 739 nn. 14-15 (listing cases); 8 Collier on Bankruptcy ¶ 3002.05, at 3002-17. Nevertheless, the majority strikes down the presumptively valid Rule in this case by using an inapplicable statute. With that, I respectfully disagree.
Fortunately, Congress’s addition of a timeliness bar to § 502(b) will soon render the majority’s analysis obsolete.[5] The majority ultimately reaches the same result that I do, though, so I concur in the judgment.[6]

. Other circuits have invalidated the bar date in a Chapter 7 context. See United States v. Towers (In re Pacific Atl. Trading Co.), 33 F.3d 1064, 1067 (9th Cir.1994); United States v. Vecchio (In re Vecchio), 20 F.3d 555, 559 (2d Cir.1994); see also IRS v. Century Boat Co. (In re Century Boat Co.), 986 F.2d 154, 158 (6th Cir.1993) (refusing to bar untimely proof of claim by creditor who lacked notice of the Chapter 7 bankruptcy filing); United States v. Cardinal Mine Supply, 916 F.2d 1087, 1091-92 (6th Cir.1990) (same). The only circuit to address the validity of the bar date in a Chapter 13 context has upheld the bar date. See United States v. Chavis (In re Chavis), 47 F.3d 818, 823-24 (6th Cir.1995). The majority’s invalidation of the bar date in a Chapter 13 case, therefore, creates a circuit split with the Sixth Circuit's decision in Chavis.

. Sections 501 and 502 create the following framework: A creditor may file a proof of claim. Id. § 501(a). Other parties with an interest in the creditor’s claim may file a proof of claim if the creditor does not file it timely. Id. § 501(b), (c). If a proof of claim is filed in accordance with § 501, the claim is deemed allowed unless a party in interest objects. Id. § 502(a). Section *1313 502(b) then lists eight substantive reasons for disallowing claims. Therefore, § 501 gives certain parties the substantive right to file a proof of claim, and § 502 provides for an analysis of the merits of the claim filed in accordance with § 501. In re Tucker, 174 B.R. 732, 739 (Bankr.N.D.Ill.1994).

. "The Rules of Bankruptcy Procedure will set the time limits, the form, and the procedure for filing, which will determine whether claims are timely or tardily filed.” H.R.Rep. No. 595, 95th Cong., 1st Sess. 351 (1977); S.Rep. No. 95-989, 95th Cong., 2d Sess. 61 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5847, 6307.

. As of the effective date of the plan, the value of a plan’s payment of an allowed unsecured claim must be "not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.” 11 U.S.C. § 1325(a)(4) (1988).

. See Bankruptcy Reform Act of 1994, Pub.L. No. 103-394, § 213(a), 108 Stat. 4106, 4125-26 (1994), codified at 11 U.S.C.A. § 502(b)(9) (West Supp.1995).

. I am not quite sure how the majority reaches its final result. The plan, not Section 726, governs distribution to creditors in Chapter 13. A plan must satisfy requirements other than § 1325(a)(4) in order to be confirmed by the bankruptcy court. E.g., 11 U.S.C. § 1322(a)(2) (1988) (requiring deferred but full payment of § 507 priority unsecured claims unless creditor agrees to different treatment); id. § 1325(b)(1) (requiring the debtor to pay an allowed unsecured creditor who objects to the plan at least what it can from the debtor's disposable income); id. § 1329(a) — (b)(1) (permitting allowed unsecured creditor to request postconfirmation modification of the plan so that it conforms with § 1322). Therefore, I do not see how the placement of the IRS’s claim in § 726(a) determines the outcome of this case.