*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to
6th Cir. BAP LBR 8024-1(b). See also 6th Cir. BAP LBR 8014-1(c).*

File Name: 16b0007n.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

_____

In re: BRIAN K. TENCH; JANICE J. TENCH,

                            *Debtors.*

                                   No. 15-8026

Appeal from the United States Bankruptcy
Court for the Northern District of Ohio
No. 14-16698—Jessica E. Price Smith, Bankruptcy Judge..

Decided and Filed: May 11, 2016

Before: DELK, HUMPHREY and OPPERMAN, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** Matthew L. Alden, LUFTMAN, HECK & ASSOCIATES LLP, Cleveland, Ohio, for Appellants. Anthony J. Gingo, Michael J. Palumbo, GINGO PALUMBO LAW GROUP LLC, Independence, Ohio, for Appellee.

_____

**OPINION**

_____

GUY R. HUMPHREY, Bankruptcy Appellate Panel Judge. Debtors Brian K. Tench and Janice J. Tench ("Debtors") appeal the bankruptcy court's order allowing the late-filed claims of unsecured creditor Ohio Catholic Federal Credit Union ("Ohio Catholic"). Ohio Catholic moved the court to allow its late-filed claims on the grounds of excusable neglect. The Debtors asked the court to disallow two of the three proofs of claim filed by Ohio Catholic arguing that under Sixth Circuit precedent and Bankruptcy Rule 9006(b), excusable neglect does not permit the allowance of late-filed proofs of claim in Chapter 13 bankruptcy cases. The bankruptcy court

1

allowed the late-filed claims on the basis that the creditor's delay was due to excusable neglect. For the reasons set forth below, the panel reverses the order of the bankruptcy court.

## I.  ISSUES ON APPEAL

The issue presented on appeal is whether in a Chapter 13 case a bankruptcy court may allow claims that do not comply with the time limitations established by Bankruptcy Rule 3002(c) for the reason of excusable neglect.

## II.  JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit ("Panel") has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the Panel, and no party has timely filed to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right. 28 U.S.C. § 158(a)(1). For the purpose of an appeal, a final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. U.S.*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). An order allowing or disallowing a claim is a final order. *Adams v. Adams*, 738 F.3d 861, 862-63 (7th Cir. 2013); *Williamson v. Murray (In re Murray)*, 506 B.R. 129, 133 (B.A.P. 10th Cir. 2014) (citation omitted).

There are no factual disputes, and the bankruptcy court granted Ohio Catholic's motion based on conclusions of law. Conclusions of law are reviewed de novo. *Corzin v. Fordu (In re Fordu),* 209 B.R. 854, 857 (B.A.P. 6th Cir. 1997) (citation omitted). "Under a de novo standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *Menninger v. Accredited Home Lenders (In re Morgeson),* 371 B.R. 798, 800 (B.A.P. 6th Cir. 2007) (citation omitted). Essentially, the reviewing court decides the issue "as if it had not been heard before." *Mktg. & Creative Solutions, Inc. v. Scripps Howard Broad. Co. (In re Mktg. & Creative Solutions, Inc.),* 338 B.R. 300, 302 (B.A.P. 6th Cir. 2006) (citation omitted). "No deference is given to the trial court's conclusions of law." *Id.* (citations omitted).

## III.  FACTS

On October 22, 2014 the Debtors filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Ohio. November 26, 2014 was the initial date set for the meeting of creditors with the claims bar date 90 days later, February 24, 2015. The Debtors' Chapter 13 plan was confirmed on January 28, 2015. On March 4, 2015, eight days after the bar date passed, Ohio Catholic filed Claim Nos. 30, 31, and 32. Along with the claims, Ohio Catholic filed a motion to allow late-filed claims, requesting the allowance of its late-filed claims based on several mitigating circumstances.

The Debtors filed a response to that motion, objecting to the allowance of Ohio Catholic's three claims on the basis that they were barred by Bankruptcy Rule 3002. The Debtors then amended their opposition to Ohio Catholic's motion by withdrawing their objection to the allowance of Ohio Catholic's Claim No. 31, and reasserting their objection to allowance of Ohio Catholic's Claim Nos. 30 and 32.

At the request of the court, Ohio Catholic filed a supplement to its motion to allow the claims, attaching the Affidavit of Linda Hammel, Collections Manager for Ohio Catholic, attesting to the circumstances preceding the late-filing set forth in the motion and supplement. Bankr. No. 14-16698 ECF No. 36. Ms. Hammel affirmed that she first learned of the bankruptcy in early January, 2015, and first became aware of the bar date on February 25th, 2015, the day after the bar date. Affidavit of Linda Hammel at ¶¶ 5, 10. The Debtors filed a brief in opposition to the supplement to Ohio Catholic's motion to allow the claims.

On May 21, 2015 the court held a hearing on Ohio Catholic's motion to allow the claims. Ruling from the bench, the court granted the motion on the grounds of excusable neglect and on May 28 entered an order allowing the claims. The Debtors timely filed a notice of appeal.

## IV.  DISCUSSION

### A.    Summary of the Arguments

In the bankruptcy court, Ohio Catholic argued that the court should allow its late-filed claims under Bankruptcy Rule 9006(b) and in the interests of fairness and equity. Ohio Catholic

pointed to several equitable considerations that justified the allowance of its late filing. First, it was not known when or by whom Ohio Catholic first received notice of the bar date. This was due to the fact that the notice was not addressed to an individual within Ohio Catholic, and also due to a change in personnel in Ohio Catholic's collections department.

Second, Ohio Catholic alleged that upon becoming aware of the bankruptcy in early January, the newly-hired collections manager called the Debtors' counsel to determine the status of the bankruptcy. Though the Debtors' counsel informed her that the plan was just confirmed and that she would receive paperwork regarding the plan shortly, the collections manager's affidavit states that she received no further communication from the Debtors' counsel.

Third, Ohio Catholic points to the fact that, though learning of the bar date the day after it passed, it filed its claims only eight days after the deadline passed and the Debtors suffered no prejudice as a result of the delay in filing its claims. Specifically, Ohio Catholic notes that neither the Chapter 13 trustee nor any of the other creditors objected to the late-filed claims, and that the delay did not affect the finality of the determination of the plan's feasibility. Since the plan was confirmed before the claims bar date, even a timely filed claim could affect the feasibility of the plan.

The Debtors argued that the bankruptcy court did not have authority to grant the motion to allow the late-filed claims under Bankruptcy Rule 3002(c). The Debtors argued that Rule 3002(c) provides six exceptions to its bar date, none of which were available to Ohio Catholic. The Debtors further argued that Rule 9006(b)(1)'s excusable neglect exception is not applicable in Chapter 13 cases under Rule 9006(b)(3), citing *United States v. Chavis* (*In re Chavis*), 47 F.3d 818 (6th Cir. 1995).

In *Chavis*, the Chapter 13 debtors objected to a claim filed by the Internal Revenue Service 11 months after the bar date. *Id.* at 819. The Sixth Circuit noted that the Ninth Circuit Court of Appeals previously ruled that Chapter 7 claims could not be barred solely for the reason that they were filed after the claims bar date. *Id.* at 822-823 (citing *United States v. Towers* (*In re Pac. Atl. Trading Co.*), 33 F.3d 1064, 1066-67 (9th Cir. 1994)). The *Chavis* court, however, found that compliance with Rule 3002 was a prerequisite for allowance in Chapter 13 cases.

*Chavis.* at 823-24. It based this finding on the enactment of Code § 502(b)(9), which enumerated late filing by a government agency as a ground for disallowance. *Id.* at 823Although enacted too late to be controlling in the case, the court found that the statute "reveals Congress' intent to demand that claims be timely filed." *Id.* The Sixth Circuit also distinguished the Ninth Circuit precedent by finding that confirmation of Chapter 13 plans requires that creditors receive a stream of payments in excess of what they would receive under Chapter 7, and this requirement could not be determined with finality if late-filed claims were not barred. *Id.* at 824. Ohio Catholic however, asserted that this case is distinguishable from *Chavis* since Ohio Catholic's claims were filed only eight days late, not 11 months as in *Chavis*.

In its bench ruling, the bankruptcy court considered the facts that the notice was not sent to a specific person at Ohio Catholic, there had been a personnel change at Ohio Catholic, the claim was filed only eight days late, and that the plan had been confirmed before the claims bar date. The court found that the eight days and the change of employees constituted excusable neglect, and allowed the late-filed claims.

**B.      Analysis**

Section 502 of the Bankruptcy Code governs the allowance of claims in bankruptcy cases. Subsection (a) provides that "[a] claim…, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest… objects." Subsection (b) then provides that "… if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim…, and shall allow such claim in such amount," but then provides several exceptions to the allowance of claims. Subsection (b)(9) excepts from allowance claims for which "proof of such claim is not timely filed…" 11 U.S.C. § 502(b)(9). Bankruptcy Rule 3002 sets the time to file proofs of claim in chapter 7, 12, and 13 cases and Rule 3002(c) defines a timely-filed claim by a non-governmental creditor as one filed "not later than 90 days after the first date set for the meeting of creditors." Fed. R. Bankr. P. 3002(c). Bankruptcy Rule 9006(b)(1) provides for the allowance of late-filed claims due to "excusable neglect." However, this Rule is not applicable to deadlines set by Rule 3002(c). Fed. R. Bankr. P. 9006(b)(3). Thus, to the extent that the bankruptcy court allowed the late-filed claims under Rule 9006(b)'s excusable neglect exception, this order shall be reversed.

However, the creditor argues instead that the bankruptcy court made an equitable determination after considering all the relevant circumstances at hand. This suggests that Ohio Catholic may be arguing that the bankruptcy court is acting on its inherent equitable authority under § 105 of the Bankruptcy Code. Section 105 authorizes courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105. However, "[a] court cannot legislate to add to [the provisions of the title]." *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 423 (6th Cir. 2000). Furthermore, "[i]t is hornbook law that § 105(a) does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code. Section 105(a) confers authority to 'carry out' the provisions of the Code, but it is quite impossible to do that by taking action that the Code prohibits." *In re Mackinder-Manous*, No. 13-21211, 2015 WL 790883, at \*6 (Bankr. E.D. Ky. Feb. 24, 2015) (citing *Law v. Siegel,* 134 S. Ct. 1188, 1194 (2014)). *See also Perkins Coie v. Sadkin* (*In re Sadkin*), 36 F.3d 473, 478 (5th Cir. 1994) (affirming the bankruptcy court's denial of a late objection to a claim of exemption, finding that use of § 105 for that purpose "would be inconsistent with the operation of Section 522(l), Bankruptcy Rule 4003(b), and the Supreme Court's interpretation of these provisions in *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S. Ct. 1644 (1992)."). Here, the Code and the Federal Rules of Bankruptcy Procedure that determine timeliness provide that untimely claims filed in Chapter 13 cases shall be disallowed. Even if the equities weigh against disallowing the late-filed claims, § 105 cannot be used to expand the Code and Rules to allow them.

Though not directly argued by the parties, case law has considered whether the doctrine of equitable tolling may provide a diligent, though late-filing, creditor a narrow exception to Bankruptcy Rule 3002(c)'s claim bar date.[1] However, courts have refused to apply the doctrine of equitable tolling even when the deadline was missed by only a few days. In *Gardenhire v. IRS (In re Gardenhire)*, 209 F.3d 1145 (9th Cir. 2000), the Ninth Circuit Court of Appeals reversed a Ninth Circuit Bankruptcy Appellate Panel decision allowing an IRS claim that had been filed 11 days after the deadline under a theory of equitable tolling. In *Gardenhire*, the bankruptcy had

---

[1]On appeal, Ohio Catholic only argues that the court made an equitable determination that was justifiable under the circumstances and thus should only be reversed for an abuse of discretion. However, Ohio Catholic fails to cite to a specific source of the court's equitable authority.

been dismissed as result of a clerical error and reinstated on the 167th day of the 180-day deadline for government entities. In allowing the claim, the Bankruptcy Appellate Panel explained that "diligence for purposes of tolling must be of a higher level than that which would suffice for purposes of 'excusable neglect….'" *Gardenhire v. IRS (In re Gardenhire)*, 220 B.R. 376, 384 (B.A.P. 9th Cir. 1998). However, on appeal the Ninth Circuit Court of Appeals found that even this narrowly-circumscribed exception was "inconsistent with the plain meaning of the Bankruptcy Code and Rules…." 209 F.3d at 1152. Recently, in *Mackinder-Manous*, the Bankruptcy Court for the Eastern District of Kentucky offered a rigorous analysis of the availability of equitable tolling to late-filed claims in chapter 13 cases. 2015 WL 790883 at *1-5. Like the Ninth Circuit Court of Appeals, the *Mackinder-Manous* court found that equitable tolling was inconsistent with the requirements of § 502(b)(9) and Rule 3002(c), and moreover, not consistent with the Sixth Circuit's precedent in *Chavis*, and therefore was not available to extend the claims deadline for Chapter 13 cases. 2015 WL 790883, at *4.

Even if equitable tolling were available, it is not clear that the creditor was sufficiently diligent to avail itself of that doctrine's exemption. In this case the bankruptcy court held that the late filing was due to excusable neglect, a finding inconsistent with a determination that the creditor acted diligently. See *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). Equitable tolling requires diligence on the part of the late filer. See *Gardenhire*, 220 B.R. at 384. Thus, a finding that does not preclude negligence would be insufficient to allow equitable tolling. Moreover, the findings of the bankruptcy court suggest that this higher standard has not been met. Ohio Catholic testified that its manager in charge of bankruptcy first learned of the bankruptcy in early January, six weeks before the February 24 claims bar date. Despite some complications in preparing its claims, once the manager responsible for accounts in bankruptcy became aware of the claims bar date, it took only eight days for Ohio Catholic to file its claims. This suggests that had the creditor been more diligent in determining the claims bar date after initially learning of the bankruptcy, it would have had no difficulty in meeting the deadline.

Finally, the Sixth Circuit has spoken clearly on the policy reasons behind the strict claims deadline in chapter 13 cases.

> In a Chapter 13 action, the debtor retains the assets in exchange for an agreement to make periodic payments to the creditors. The payments to the creditors must equal or exceed the amount that the creditors would receive under Chapter 7. *See* 11 U.S.C. § 1325(a)(4). If late-filed claims are not barred in Chapter 13 actions, it would not be possible to determine, with finality, whether a Chapter 13 plan satisfies this standard.

*In re Chavis*, 47 F.3d at 824. The bankruptcy court reasoned that this policy consideration was weakened because the Debtors' plan was confirmed before the claim deadline, and therefore, without the finality provided by the deadline. However, creating an additional exception to the claims deadline beyond the limited exceptions provided by the Code casts doubt on the best interest determination even beyond the date of the claims deadline. With a firm claims deadline, financial feasibility can be determined as of the bar date. Without such a firm deadline, uncertainty as to the financial feasibility of a plan could linger beyond the claims filing deadline.

## V. CONCLUSION

Bankruptcy Rule 3002(c) provides a deadline for the filing of proofs of claim in Chapter 13 cases and § 502(b)(9) of the Bankruptcy Code provides for disallowance of claims not timely filed, with certain exceptions not applicable to this case. The bankruptcy court did not have the authority to extend that deadline under either its equitable powers or the doctrine of equitable tolling. Therefore, the decision of the bankruptcy court to allow Ohio Catholic's late-filed claims is reversed. The case shall be remanded for further administration consistent with this decision.